*Morphy,* for applicant.

*Pichot,* for defendant.

---

## ERWIN *vs.* BUTLER.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A master of a vessel coming from abroad, does not establish his domicil in the city of New-Orleans, by taking rooms there while his vessel is in port.

If a party has had two verdicts on a question of fact, this court will not interfere, unless a very strong case indeed is presented.

The sum which the master of a vessel pays a sailor on discharging him in a foreign port, is separate and distinct from wages.

The plaintiff, former mate of the brig ·Latona, sued the master and owner for his wages from the time he was dis-

charged from the brig at Trieste, until he arrived at the city of New Orleans, where he had been shipped. He also claimed damages, in consequence of the defendant having previously to his discharge, assaulted, beaten, and kept him in irons during ten days.

The defendant pleaded a general denial, and prayed for a trial by jury. A verdict was found for the plaintiff for three hundred and seventy-three dollars and seventy-eight cents for wages, and five hundred dollars as damages for the assault and battery, and confinement. Judgment having been rendered, the defendant appealed.

*De Armas*, for appellant.

1. The case ought to be remanded for reasons mentioned in the bill of exceptions.

2. The judgment of the court and verdict of the jury, ought to be reversed, because the defendant ought to have been creditors of the sum of sixty dollars received by Erwin from the hands of the American Consul at Trieste, and deposited in the hands of the American Consul by defendant.

3. Judgment ought to have been rendered in favor of the defendant, because no injury has been done to appellee, and because the captain of the vessel was authorized to inflict upon plaintiff, the punishment which his conduct deserved.

*Roselius* and *McMillen*, for appellee.

1. The decision of this case depends almost entirely on questions of fact, which were properly submitted to and decided by the jury. Two juries have decided the case.

2. The mate of the vessel is a respectable officer, and is not to be treated with the same harshness and severity as a common mariner. *Peters' Admiralty Rep. vol.* 1, *p.* 246. 5 *Mason's Rep. p.* 462.

EASTERN DIS.
March, 1833.

ERWIN
vs.
BUTLER.

A master of a vessel coming from abroad, does not establish his domicil in the city of New-Orleans, by taking rooms there while his vessel is in port.

If a party has had two verdicts on a question of fact, this court will not interfere, unless a very strong case indeed is presented.

The sum which a master of a vessel pays a sailor on discharging him in a foreign port, is seperate and distinct from wages.

The opinion of the court was delivered by MARTIN, J.

The defendant is appellant from a judgment, by which damages have been recovered from him, for his beating and ill treating the plaintiff at sea, on board of a vessel, of which the latter was mate, and the former master.

The reversal of the judgment has been claimed on the ground, that the depositions of several witnesses were irregularly taken, as the notice of the trial and place of taking them, was left for the defendant on board of the vessel he commanded, although, as is alleged, he had in the plaintiff's own knowledge, a domicil in the city. The fact is, that the defendant, who arrived in New-Orleans from Philadelphia, on board of the vessel he commands, took furnished rooms in the city, and the notice was left on board of the vessel, under the provision of the *Code of Practice*, 199. It does not appear to us, that the circumstance of a master of a vessel coming from abroad, taking while the vessel is in port, rooms in the city, establishes his domicil there, and that the defendant was regularly notified by the notice left on board.

On the merits, the question is merely one of fact, and the plaintiff had two verdicts. In a case like this, a very strong case indeed, is to be made, before we can be induced to inter-ferfere, and we see no ground to be dissatisfied with the jury's finding, especially as it appeared to us, that even if the depositions, to which objections have been made on the trial of an alleged irregular service of notice, were rejected, the other testimony would support the verdict.

The plaintiff was discharged in a foreign country, and received from the American Consul, his proportion of a sum of money paid by the defendant in the consul's office on his discharge, according to the act of congress. *Ingersoll*, 146. It has been contended, this sum ought to have been deducted from that allowed to the plaintiff for his wages. We are of opinion, that the sums paid by masters of vessels on the discharge of a sailor in a foreign port, and of which he receives his share, is, above any money due for wages, *i. e.* a compen-

sation for loss of time in procuring a passage for the sailor's return.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.