MAYOR ET AL.    rejects their claim against the Insurance Company, for goods
*vs.*
RIPLEY ET AL.    shipped on the deck of the vessel.

Where the policy effects insurance generally, and no mention is made of any part of the cargo being on deck, either in the application for insurance or in the policy, the insurers will not be liable for the loss of the deck load.

So, the insurers are not liable for neglect to specify the cargo on deck, in the policy, when no mention is made of it in the application, or by the party applying, although a bill of lading mentioning it, was handed to the secretary before issuing the policy, but which he never read or opened.

---

MAYOR ET AL. *vs.* RIPLEY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The prescription of *chirographery* claims and debts, was ten years, according to the laws of Louisiana, resulting from the Spanish law, before the adoption of the Louisiana Code; and since then it is five years, when these claims are evidenced by a promissory note, etc.

So, in computing prescription on a note, executed before the adoption of the code, the proportionate time elapsed under the former law, is reckoned at *ten* years, and under the latter at *five* years.

The Louisiana Code was promulgated the 20th May, 1825, and a note due the 26th March, 1821, was sued on the 10th May, 1828 : *Held*, that it was prescribed; four years and fifty-five days having elapsed under the *ten* years law, before the code, wanting two thousand one hundred and thirty-five days to be complete, and one thousand and eighty-five days elapsed from the adoption of the code, *before suit*, the time of prescription being reduced *one half*, which exceeds by eighteen days, *half the number* required under the old law.

*Eastern Dist.*
*May*, 1837.

MAYOR ET AL.
*vs.*
RIPLEY ET AL.

This is an action instituted the 12th June, 1833, on the following promissory note :

"NEW-ORLEANS, 23d MARCH, 1820.

" One year after date, we promise to pay to the order of A. R. Ellery, the sum of eight thousand five hundred dollars, value received.                    (Signed,)

| " A. L. Duncan, | E. W. Ripley, |
| Jas. W. Bredlove, | Eben Fiske, |
| Alfred Hennen, | J. W. Smith, |
| R. Davidson, | J. Brown, |
| John Nicholson, | Jos. H. Hawkins, |
| Wm. Wyer." | |

Endorsed on the back in blank,

" A. R. ELLERY."

The defendants admitted the execution of the note ; and among other pleas, pleaded prescription, and especially the prescription of five years from the time it became due, until the institution of this suit.

Suit was first brought on this note against the present defendants, and the petition filed the 10th May, 1828. Two trials were had, and the suit finally dismissed by the Supreme Court, at the February term, 1833. See 5 *Louisiana Reports*, 120 ; also, 2 *Louisiana Reports*, 344.

The first suit interrupted prescription.

On the trial of this, the district judge charged the jury that if they believed the note sued on was embraced in the

EASTERN DIST.
May, 1837.
─────────
MAYOR ET AL.
vs.
RIPLEY ET AL.

suit of 1828, even along with other claims included in said suit, it was an interruption of prescription.

That for a note as the present one, in March, 1821, it came under the old Civil Code, and the prescription was thirty years. The Louisiana Code shortened this prescription to *five* years, but did not take effect until May or June, 1825, and the prescription of five years did not commence running until that time. The full period of the new prescription must run out after the change of the law.

The court further charged, that as the plaintiffs discontinued the first suit, in relation to three of the defendants, and some of the others were not included, as to all these, the prescription of five years had run out before the institution of the present suit.

This charge was excepted to, and its erroneous tendency made the grounds of a new trial.

The jury returned a verdict against five of the defendants, for their *virile* share of the amount of the note, and discharged the rest. After an unsuccessful attempt to obtain a new trial from judgment rendered in the case, the defendants appealed.

*Canon*, for the plaintiffs.

*Johnson*, for the defendants.

1. The plaintiffs sue on a promissory note of hand, for eight thousand five hundred dollars, dated 23d March, 1820, payable one year after date, given as security for a loan made by them to the First Presbyterian Church of the city of New-Orleans. This note was drawn by eleven individuals, who contracted a joint obligation only, according to the judgment of the court. *5 Louisiana Reports*, 120.

2. The defendants, as securities for the said church, can plead any exception which *it* might have pleaded. *Louisiana Code, article 3029 : such as prescription. Merlin, Question du Droit, Mot Garantie, section* 7.

3. This debt is prescribed by three years. *Louisiana Code, article 3503.* Consequently, the defendants, if compelled to pay it to plaintiffs, could not successfully institute suit against

the principal debtor for their reimbursement, because the <span>EASTERN DIST</span>
plaintiffs could not subrogate them to any rights. *Pothier on* <span>*May,* 1837.</span>
*Obligations, part* 2, *section* 8, *article* 1.

4. For want of this subrogation arising from the act of the
plaintiffs, a peremptory exception may be taken by the
defendants. *Pothier on Obligations, part* 11, *chapter* 6, *article* 1.
*Part* 3, *chapter* 1, *article* 6, *section* 2.

<span>MAYOR ET AL.
*vs.*
RIPLEY ET AL.</span>

5. The plaintiffs were bound to give notice to the defend-
ants of the amount of money advanced to the said church as
soon as made, and by neglecting to do so, have lost all
recourse against them, as guarrantors. 7 *Peters,* 113.

6. The note now sued on is prescribed against by the lapse
of five years; *(Louisiana Code, article* 3505,) which must
begin to run from the 20th day of May, 1825, when the
Louisiana Code was promulgated in the parish of Orleans.
6 *Martin, N. S.,* 692.

7. The time required for prescription against this note
prior to the promulgation of the Louisiana Code, was ten
years. 6 *Louisiana Reports,* 659.

8. The time which expired before the promulgation of the
Louisiana Code, on the 20th May, 1825, is to be calculated
and added to the time since, up to the institution of the
present suit, according to the principles laid down in the case
of Goddard's Heirs *vs.* Urquhart. 6 *Louisiana Reports,* 659.

9. The suit of the Mayor, Aldermen and Inhabitants, filed
on the 10th day of May, 1828; served on the 12th May,
1828, did not interrupt the prescription which had already
been acquired in full, so that the defendants should be
discharged.

*Hennen* and *Conrad,* on the same side.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment given on
a verdict in which the jury disregarded the defendants' plea
of prescription, under the charge of the court, who instructed
them, that by the Spanish law, which regulated the pre-
scription on promissory notes, thirty years were necessary to

EASTERN DIST.
*May*, 1837.

MAYOR ET AL.
*vs.*
RIPLEY ET AL.

The prescription of *chirography* claims and debts, was ten years, according to the laws of Louisiana, resulting from the Spanish law, before the adoption of the Louisiana Code, and since then it is five years, when these claims are evidenced by a promissory note, etc.

So, in computing prescription on a note executed before the adoption of the code, the proportionate time elapsed under the former law, is reckoned at *ten* years, and under the latter, at *five* years.

The Louisiana Code was promulgated the 20th May, 1825; and a note due the 26th March, 1821, was sued on the 10th May, 1828: *Held*, that it was prescribed, four years and fifty-five days having elapsed under the *ten* years law, before the code, wanting two thousand one hundred and thirty-five days to be complete; and one thousand and eighty-five days elapsed from the adoption of the code,

operate a prescription, and that under the Louisiana Code since its adoption, in 1825, the prescription being reduced to five years, it was necessary that this period should be reckoned, and be shown to have run from the promulgation of that code. The note sued upon bears date the 23d March, 1820, payable one year after date, and therefore became payable the 26th March, 1821. The suit was brought on the 10th May, 1828. It is settled by the decision of this court, that according to the Spanish law, as it was in force in this country, before the promulgation of the Louisiana Code, chirographery claims are prescribed after the lapse of ten years, and that in cases in which the prescription had begun to run on such claims before the promulgation of the code, the time of prescription ought to be reckoned from the maturity of the note, to the day of the promulgation of the code, at the rate of ten years, and afterwards, at the rate of five.

From the maturity of the note, March 26, 1821, to the promulgation of the code, May 20, 1825, there were four years and fifty-five days, or one thousand five hundred and fifteen days. To complete the prescription under the then existing law, there were lacking two thousand one hundred and thirty-five days. After the promulgation of the code, the prescription was reduced from ten to five years, that is to say, one half; the half of the days thus lacking is one thousand and sixty-seven days and one half. From the promulgation of the code, May 20, 1825, to the institution of the suit, May 10, 1828, there were two years and three hundred and fifty-five days, or one thousand and eighty-five days, which exceeds the number of days lacking, by eighteen, and this is more than must be allowed for the leap years.

It is evident from the facts and law of this case, that the claim of the plaintiffs is barred by prescription. The error of the jury, it further appears, proceeded from the misdirection of the court. The principles on which the prescription is based, have been several times decided and acted on by this court. In the cases of *Goddard's Heirs* vs. *Urquhart*, 6 Louisiana Reports, 659; *Fisk* vs. *Browder*, 6 Martin, N. S., 692;

*Xanpi* vs. *Orso, just decided,* (*ante,* 57,) we laid down the grounds and principles on which our decisions in such cases were founded. Our learned brother, in overlooking these decisions, has not favored us with the grounds and reasons which influenced him in the belief that they ought to be disregarded. We know of no good reason why we should be dissatisfied with them, and it is our duty to enforce them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that ours be for the defendants, with costs in both courts.

EASTERN DIST.
*May,* 1837.

*before suit,* reducing the term of prescription *one half,* which exceeds, by eighteen days, *half the number* required under the old law.