IxjSIjEY, J.
This is an appeal from the judgment of the District Court of Lafourche, in a suit for the general settlement of a commercial partnership, overruling a motion on the part of the defendant to set aside a mandate of sequestration, on the following grounds :
' 1. The writ of sequestration was not the legal remedy.
2. That the affidavit is false.
3. That the affidavit does not disclose any specific sum as due to the plaintiff.
4 That the security on the bond is not solvent.
5. That the lease of the coffee-house was in the name of Luce only.
G. That no cause for the writ is shown, and that it is a harsh measure.
I. The Court did not err in granting, upon a proper showing, the mandate for the sequestration of the partnership effects. The property was owned jointly, and W'as undivided, and as the plaintiff was entitled to one-half of every portion of it, it was necessary that the whole of it should be sequestered. Art. 275 C. P. $ 2. Seyno v. Sorel, 11 La. 144
In Joor v. Graig, 3 An. 268, the Court said: “The Code of Practice provides remedies for any contingency which may accompany the property in litigation, and sequestration was the only conservatory remedy to which, in this case, the plaintiff could have resorted. There is no conflict between the opinion expressed, in the case of Shropshire et al. v. Russell, 2 An., and our ruling on this point.
II. Facts stated in an affidavit for a mandate of sequestration, are, by legal presumption, taken prima fceeie as true, on the oath of the affiant, until the contrary is shown by sufficient proof (see the case of Carter v. Lewis, 15 An. 514); and no counter-proof was adduced by the defendant.
III. Article 275 of the Code of Practice does not require an oath as to the amoimt due. This is essential in certain provisional orders, but not in the conservatory act of sequestration, in a case like this.
IV. The solvency of the surety on the sequestration bond, which is in due legal form, is shown satisfactorily.
The fact of his being the principal obligor on a bond of administration, for a large amount, is no proof of insolvency. It is conditional, and the law presumes he will do his duty as a fiduciary agent.
V. It is in proof that the plaintiff was a joint tenant of the coffeehouse.
YI. We are satisfied, from our inspection of the record, that the plaintiff was legally entitled to the mandate of sequestration.
Another ground is urged in this Court, for the first time, for dissolving the writ; but, as was held in Carter v. Lewis, 15 An. 575, new points cannot be made on appeal in this Court, especially when there has been no formal written assignment of errors.
For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.