ZACHARIE'S ADMINISTRATOR *vs.* PRIEUR ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

ZACHARIE'S ADMINISTRATOR *vs.* PRIEUR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The mortgage and privilege of the vendor results from the sale itself, although the conditions of the sale are prescribed by judicial authority or order of court, and the question to which of the parties litigant the proceeds should be decreed is still left open. The mortgage is conventional as soon as the sale is completed.

Where property in dispute is sold with the consent of the parties, by an order of court, and a mortgage retained, the purchaser becomes the debtor to him who is decreed to be the true owner. But at the death of the mortgagor in the mean time, and a sale of this property by order of the Court of Probates, the mortgage is *raised,* and the purchaser takes it free of incumbrance. The mortgage attaches to the *proceeds* in the hands of the administrator.

This case commenced by a rule taken by the plaintiff on D. Prieur and F. W. Lea, commissioners appointed by the parties litigant, and on P. Landreaux, recorder of mortgages, to show cause why certain mortgages should not be erased and cancelled.

EASTERN DIST.
February, 1836.

ZACHARIE'S
ADMINISTRATOR
vs.
PRIEUR ET AL.

The facts show, that in 1833 certain property in front of the city of New-Orleans, being in suit and pending on appeal, between the corporation of New-Orleans and the government of the United States, was by agreement between the parties litigant, sanctioned by a decree of the district judge of the United States, sold out in lots, a mortgage retained on the property, and the proceeds of sale to go to the party to whom the right in the disputed premises should be ultimately decreed.

Messrs. Prieur and Lea were appointed the commissoners, the former by the corporation, and the latter by the United States, to make the sales, and to whom in their official capacity, the notes and mortgages were made payable.

J. M. Zacharie became the purchaser at the sale of this property of three separate lots of ground, for which he gave his notes (the price being payable by instalments) and a mortgage on each, to secure the payment of the price.

Shortly after this sale and purchase, Mr. Zacharie died and a sale of his property ordered by the Court of Probates. The register of wills advertised it accordingly to be sold the 8th of December, 1835.

The recorder of mortgages certified the above mortgages existing on the three lots before stated.

On the 14th of December, the counsel for the administrator of J. M. Zacharie's estate, took a rule on the defendants to show cause why the foregoing mortgages recorded against this property should not be cancelled and erased, to enable the administrator to pass titles to the purchasers to whom the property was adjudicated.

Mr. Prieur, as mayor of the corporation of New-Orleans, answered, denied that the mortgages in question could be raised, because the property was adjudicated under a decree of the United States District Court in the suit between the parties litigant, and that suit still pending on appeal, the mortgages must stand and remain in force until its determination.

The case being submitted to the probate judge on the rule and answer, and documentary evidence on file, it was ordered that the rule be confirmed and made absolute, and that the

recorder of mortgages do cancel and erase the mortgages required by the administrator.

The mayor appealed on the part of the corporation.

EASTERN DIST.
*February*, 1836.

ZACHARIE'S
ADMINISTRATOR
*vs.*
PRIEUR ET AL.

*J. Slidell*, for the plaintiff in the rule.

1. The administrator selling the property of the deceased, by order of the Court of Probates, has the right and power to raise and discharge all mortgages on the thing sold, and resulting from the acts of the deceased. The lien attaches to the proceeds in his hands. *De Ende* vs. *Moore,* 2 *Martin, N. S.,* 336. 5 *Louisiana Reports,* 470. 5 *Martin,* 618.

2. The administrator is bound to sell so much of the effects of the succession as is necessary to pay the debts thereof. In doing so, and to effect a sale, the mortgaged property must be released, so that the purchaser take it free of incumbrance. *Louisiana Code,* 1156.

3. The sale in this case could not have been effected without the power to raise the mortgage. The authority to effect a sale, pre-supposes the power and obligation to sell without incumbering the thing sold.

*Eustis,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

The administrator of the estate of J. M. Zacharie took a rule on Prieur and Lea, commissioners appointed by the District Court of the United States to sell certain property in the city of New-Orleans, in controversy between the city and the United States, together with the recorder of mortgages, to show cause why certain mortgages retained on the property to secure the payment of the price to the party which might finally prevail in that suit, should not be cancelled, so far as they affected the lots purchased by the deceased, and which had been recently sold by the administrator, in pursuance of a decree of the Court of Probates.

The corporation of New-Orleans, for answer to the rule, deny that the mortgage can be raised by order of the Probate Court, because they say the lots having been adjudicated

EASTERN DIST. under a decree of the District Court of the United States, in
February, 1836. the suit above mentioned, and that suit being still pending on
ZACHARIE'S appeal, the mortgage must stand in full force until its final
ADMINISTRATOR determination.
vs.
PRIEUR ET AL.      This answer appears to admit the general principle that

The mortgage mortgages and liens or privileges created by the deceased
and privilege of
the vendor re- proprietor, and cut off by a regular sale of the property made
sults from the
sale itself, al- under the authority of the Court of Probates in the course of
though the con-
ditions of the administration, but endeavors to create an exception in the
sale are prescri- present case, in consequence of the peculiar origin of this
bed by judicial
authority or or- mortgage.   But the mortgage and privilege of vendor
der of court, and
the question to resulted from the sale itself, and although the conditions of
which of the
parties litigant the sale were prescribed by judicial authority and the question
the      proceeds to which of the parties litigant the proceeds should be finally
should be de-
creed, is still decreed, was still open, yet the mortgage thus prescribed
left open. The became one of convention as soon as the sale was complete,
mortgage is con-
ventional as soon and ceased to be under the control of the court of the United
as the sale is States.   We cannot distinguish it from the case of the sale of
completed.
a thing in dispute *pendente lite,* by agreement of parties, even
without the consent of the court.   The mortgage resulting
from the sale would accrue to the benefit of the party who
might be finally recognised as the owner, or in other words,
who was the real vendor ; but the sale would be considered,
nevertheless, as a contract, and the mortgage, conventional or
legal, as the case might be, as between the vendor and
the purchaser.   Zacharie consented to the mortgage to
secure the payment of the price to the party who might be
finally entitled to it.   The circumstances which preceded the
contract, we think may well be laid out of view, and as both
the parties litigant in that case are before the court, it does
not appear material which of them may finally be entitled to
the price.   The real owner became the creditor of Zacharie
for the amount of the purchase.

Where proper-      We cannot, therefore, recognise this as a case excepted
ty in dispute is
sold with the from the operation of the general rule settled in the cases of
consent of the
parties, by an *De Ende* vs. *Moore,* 2 *Martin, N. S.,* 336, and of *Lafon's*
order of court,
and a mortgage *Executors* vs. *Phillips,* 2 *Martin, N. S.,* 224, and which it is
retained, the admitted is at this time consonant to the positive legislation

of the state. That rule is in fact but a corollary from the admitted principle, that the property of the debtor is the common pledge of his creditors, and that on his decease the pledge may be reduced to money for their common benefit, under the authority of the Court of Probates, and its proceeds distributed by the administrator among them, according to their rank as privileged, hypothecary or chirographic, thereby forming a real *concurso* to which all are parties. If the property be sold to pay the creditors, as well hypothecary as simple, upon what principle can the mortgage creditor pretend that his original mortgage still exists on the property in the hands of the purchaser? The creditor may indeed complain that under the existing laws his rights may be at the mercy of faithless executors, administrators or syndics. But a purchaser at probate sale may well parry such an argument, by answering that such administrator is no agent of his, and it is not his fault if through a defect in the law itself, or the want of vigilance in the creditors, the money he has paid for the property purchased is liable to be wasted, squandered or embezzled.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.