EASTERN DIST.
*May,* 1839.

HOEY TO THE USE
OF CUNNINGHAMS
*vs.*
CUNNINGHAM.

HOEY TO THE USE OF CUNNINGHAMS *vs.* CUNNINGHAM.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where mortgages have ceased to exist, by virtue of a probate sale, the fact that they still appear on the books of the recorder of mortgages, will not authorize the purchaser to withhold payment of the price.

This is an action on a promissory note, given in part payment of the price of certain property sold at probate sale.

The defendant resisted payment, on the ground that certain mortgages which existed on the property before the sale, were not erased and cancelled, as was understood and agreed on at the time of sale.

There was a verdict and judgment for the plaintiffs, for the amount of the note sued on, and the defendant appealed.

The only question in the case, is raised by a bill of exceptions, taken by the defendant, to the refusal of the judge to allow the introduction of evidence to show that said mortgages were not cancelled. The judge decided that all pre-existing mortgages were erased and cancelled by the probate sale, and that the purchaser took the property free and unincumbered, although the mortgages still appeared on the books of the recorder of mortgages.

*Roselius,* for the plaintiff.

*Sterrett,* contra.

*Rost, J.,* delivered the opinion of the court.

This action was instituted upon a promissory note given for the purchase of real estate. The defendants admitted the execution of the note, but pleaded compensation of a part of it, and alleged that they were not bound to pay the balance, because there were mortgages existing upon the

property sold, which the vendors had falsely represented as being merely nominal.

The case was discontinued against the defendant Mitchell, and the jury gave a verdict in favor of the plaintiff for the sum claimed. Judgment being entered in conformity therewith, the defendants appealed.

During the trial, the defendant offered to introduce evidence to show that the mortgages enumerated in the sale made to him, were not cancelled. The plaintiff objected to the introduction of it, on the ground that the sale was effected under an order of the court of probates, and that the mortgages being in the name of the previous owner, were cancelled thereby. The court sustained the objection, and the defendants took a bill of exceptions.

The parish judge did not err. The mortgages complained of had ceased to exist by virtue of the adjudication at probate sale ; and the fact that they still appeared upon the books of the recorder, could work no injury to the defendant, and was merely evidence of rights which had once existed, but had been extinguished by the operation of law.

The evidence fully justifies the verdict and judgment ; but as the defendant may have taken his bill of exceptions in good faith, we will not give damages for a frivolous appeal.

*Where mortgages have ceased to exist by virtue of a probate sale, the fact that they still appear on the books of the recorder of mortgages, will not authorize the purchaser to withhold payment of the price.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.