BENJAMIN FRANKLIN FRENCH, Dative Testamentary Executor of Bernard Fox, deceased, *v.* DENIS PRIEUR, Recorder of Mortgages for the City and Parish of New Orleans.

Mortgage creditors of a succession are entitled to notice of any application made by the executor to sell the property on which their mortgages exist.

A sale of the property of a succession, legally and regularly made under a judgment of a Court of Probates, discharges the mortgages on it given by the deceased. The purchaser takes the property free of the incumbrances ; and the Probate Court may order their erasure.

A District Court cannot issue a mandamus to a Recorder of Mortgages, commanding him to erase certain mortgages, without having notified the parties interested.

On an application for a mandamus to compel the erasure of the mortgages existing on property sold by order of a Probate Court, the declaration of the applicant is not the best evidence of the sale ; the *procès verbal* of the sale and adjudication should have been produced.

APPEAL from the District Court of the First District, *Buchanan,* J. The plaintiff, as dative testamentary executor of Bernard Fox deceased, presented a petition to the District Court, representing that a sale had been made, under the orders of the Probate Court, of certain property belonging to the testator, for the purpose of paying the debts of the succession ; that he desires to cancel certain mortgages existing on the property, which the defendant, as Recorder of Mortgages, refuses to do. The applicant prays for a mandamus to the Recorder commanding him to erase the said mortgages, or to show cause why he should not. The defendant answered, that being a merely ministerial officer, it is not his province to decide whether the mortgages should be erased, or not. No other parties were notified. The evidence on the trial of the rule, is stated in the opinion of the court, *infra.*

*Mitchell,* for the plaintiff, cited *De Ende* v. *Moore,* 2 Mart. N. S. 336. *Joyce* v. *Poydras de Lallande,* 6 La. 283. *Zacharie's Adm'r.* v. *Prieur et al.,* 9 Ib. 197. *Hoey, &c.* v. *Cunningham,* 14 Ib. 86.

*Roselius,* for the appellant. This is an application for a mandamus to compel the Recorder of Mortgages to cancel certain mortgages registered against the late Bernard Fox, on the allegation that the property subject to the mortgages has been sold, by

order of the Court of Probates.  The Recorder of Mortgages answers that he is a ministerial officer, and, as such, not competent to decide on the rights of the parties interested in the question.  He is under the impression that the mortgage creditors whose rights are sought to be affected, should be cited before the Court of Probates, or other competent court, and that a decree to cancel their mortgages ought to be rendered contradictorily with them.  It is not denied that the sale of succession property for the purpose of paying debts, affords a sufficient reason to authorize the court, by whose order the property has been sold, to order the erasure of the mortgages recorded against it.  The cases cited by the counsel for the appellee fully establish that proposition.  But it has never yet been decided that the Recorder of Mortgages, who is invested with no judicial authority, is bound to take cognizance of an *ex parte* representation made to him by an executor, or other administrator of a succession, and thereupon cancel the mortgages on his records.  No law gives him any such authority.  The 3335th and 3336th articles of the Civil Code provide, on the contrary, in express terms, that mortgages can be erased only " *by the consent of the parties interested and having capacity for that purpose ;*" or " *by virtue of a judgment ordering such erasure.*"  It follows, as a necessary consequence, that the District Court erred in issuing the peremptory mandamus, from which this appeal is taken.

The counsel for the appellee supposes that no other case can be adduced in support of this opinion than that of the *State* v. *Judge Le Blanc*, 5 La. 329.  In this he is mistaken.  The first case in which the question arose and was decided, is that of *Walden* v. *Duralde*, 7 Mart. N. S. 464.  Walden sued Duralde, who was then Recorder of Mortgages, to compel him to omit in his certificate a judicial mortgage recorded against Livingston, the former owner of the property in question.  The court observed ; " It is clear that on the prayer of the petitioner, as far as it goes to the court declaring that there exists no mortgage, and prohibiting the defendant to state any in his certificate, nothing could be done in a suit to which the United States are not a party.  They ought to be heard before any judgment, affecting any right of theirs, be given."  So in the case of *Waters et al.* v.

*Mercier*, 4 La. 14. There, the plaintiff was entitled to have the mortgage cancelled, but the court decided that the Recorder of Mortgages ought not to have been made a party to the suit; consequently he was dismissed with costs, although the other defendants were condemned to cancel the mortgage. In the case of the *State* v. *Judge Le Blanc*, 5th La. 329, 330, the same rule is laid down. In that case property had been sold by order of the court of Probates to effect a partition, and a mandamus was applied for to compel the Judge under whose decree the sale had taken place, to grant an order to erase certain mortgages. The court said; " We are of opinion that this question cannot be decided with the Judge, but that it must be by a proceeding, to which those having an interest, real or pretended, adverse to the applicant, are made parties." The last and strongest case to which I will call the attention of the court is that of *Gasquet et al.* v. *Dimitry*, 6 La. 454. That was an application to compel the Sheriff to cancel subsequent mortgages under the 708th article of the Code of Practice. The provisions of that article are, " *that the Sheriff shall give a release from these mortgages.*" Notwithstanding such imperative language, the court observed : " that the first duty of a Judge is to hear a party, before he makes a decision to his injury."

GARLAND, J. The petitioner alleges, that for the purpose of paying the debts of the estate of Fox, the Court of Probates of the Parish of Orleans, ordered a sale of the property to take place at public auction, by the Register of Wills; at which sale, certain lands and lots were sold, on which the deceased had given mortgages to different persons; that he is desirous of erasing these liens from the records kept in the defendants' office, and that for this purpose he has made a public act, authorizing and requiring the said defendant to erase the same, which has been presented to him and which he declines to comply with, without any good and legal cause; wherefore the petitioner asks for a rule on the said Recorder of Mortgages, to show cause why a mandamus should not be issued, compelling him to cancel said mortgages, and erase them from his records.

The answer to the rule is, that being a ministerial officer, it is not his duty, or within his province to decide whether the mort-

gages should be concelled and erased, or not ; and he asks to be discharged.

The evidence offered by the petitioner, is a petition presented to the Court of Probates by his predecessor in the office of executor, praying for a sale of the property belonging to the estate, for the purpose of paying the debts, at the foot of which is an order of the Judge, directing the property to be sold after the legal advertisements ; also an act, or declaration made by the petitioner before a Notary Public, in which he describes the lots sold, and the mortgages upon them, and recites that the Register of Wills has sold them, in obedience to the order of the court, wherefore he (the petitioner,) authorizes the erasure and cancelling of the mortgages, and releases the same.  It is not shown that any other evidence than the last mentioned act, was presented to the Recorder of Mortgages ; nor does it appear that the application to sell the property, was ever notified to any person, either creditor or heir; nor is it shown by any act, or certificate from the Court of Probates, or the Register of Wills, that the property has been sold conformably to law, and the order of the court.

In 3 Robinson, 35, we held, that an executor could not sell the property confided to his charge, without notice to the heirs, as it might be their interest to furnish him with money to pay the debts and legacies, and thus prevent a sale.  Mortgage creditors have by law, certain rights secured to them, in relation to the sale of property belonging to successions ; and it would seem but just, that they should have some notice of an application to sell that on which their lien exists, and thereby to discharge it.  There cannot now be a doubt that a sale of the property composing a succession, legally and regularly made under a judgment of the Court of Probates, discharges the mortgages on it, which may have been given by the deceased.  The purchasers take it free of any such incumbrances, and the Court of Probates has the power to erase them all.   17 La. 378 ; 9 La. 197 ; 2 Mart. N. S. 224, 336.  But we know of no authority that the District Court has to issue a mandamus to the Recorder of Mortgages, commanding him to erase mortgages, without notifying the parties interested in them.  The cases reported in the 9 and 17 La., originated in the Court of Probates, and the parties interested were notified.

See also 5 La. 329.  Independent of this fatal objection, there is no other evidence of a sale having been made than the declaration of the applicant for the rule, which is insufficient.  The *procès verbal* of the sale and adjudication, is the best evidence, and forms a title to the purchaser.

The judgment of the District Court is annulled and reversed, and the rule prayed for discharged; the appellee paying the costs in both courts.