JAMES H. LEVERICH, Administrator of the Succession of Charles McMillen, *v.* DENIS PRIEUR, Recorder of Mortgages.

A sale of the property of a succession, legally and regularly made under a judgment of a Court of Probates, discharges the mortgages existing on it created by the deceased. The purchaser takes the property free of the encumbrances; and the Probate Court may order their erasure. But a District Court cannot in such a case, issue a *mandamus* to the recorder of mortgages directing him to erase the mortgages, where the mortgagees are not made parties to the proceeding. Such a proceeding would be unavailing, unless carried on contradictorily with the parties interested, and against whom it is intended to be used.

A recorder of mortgages is not bound, *ex officio*, to erase from his records mortgages extinguished by a probate sale, or by the want of a new inscription, on being informed of the circumstances under which they are extinguished. He may do so, but it will be at his peril. The question whether the mortgages have been extinguished, can only be decided contradictorily with the mortgagees.

APPEAL from the Parish Court of New Orleans. *Maurian,* J.

*L. Peirce,* for the appellant, cited 2 Mart. N. S. 231, 336. 6 La. 283. 14 La. 163. Code of Pract. art. 708. 1 Robinson, 378.

*Roselius,* for the defendant, cited *French* v. *Prieur,* 6 Robinson, 299.

SIMON, J. The object of this application is to compel the recorder of mortgages to erase and cancel certain conventional and judicial mortgages, existing on property formerly belonging to the estate of Charles McMillen, deceased, which was disposed of and sold at the request of the administrator, by virtue of an order of the Court of Probates of the parish of Orleans. The applicant represents that, although by the said sale and adjudication the mortgages are cancelled in law, yet they appear upon the records and in the certificates of the recorder of mortgages, and that the purchasers of the property refuse to comply with the adjudication, until the same are erased, and a title clear of all incumbrances is tendered to them. He prays, that a *mandamus* may be issued, directed to the recorder to compel the erasure and cancellation.

The recorder denies the right of the applicant to bring this suit; avers that the proceedings ought to be carried on contradic-

torily with the mortgagees, who alone have a legal interest in the matter ; and contends, that the Court of Probates, by whose order the property has been sold, can alone order the respondent to erase and cancel the mortgages.

The inferior judge being of opinion, that the grounds assumed by the defendant were supported by law, discharged the rule, and refused to issue the *mandamus* prayed for ; and from this judgment the plaintiff has appealed.

The only evidence found in the record is a certificate of the register of wills, giving a statement of the sales of the property upon which the mortgages sought to be raised bore at the time of the sales, and authorizing and empowering the recorder of mortgages to erase from his records all the said mortgages, so far only as the same bear on the landed property and slaves therein described. A copy of the *procès verbal* of sale, and of the certificate of mortgages therein recited, is also contained in the record ; but it appears that none of the proceedings had previous to the sale, were produced in evidence to show its legality.

The question presented in this case is not new in our jurisprudence, and we had occasion to express our views upon it in the case of *Benjamin F. French* v. *Prieur*, decided in December last, 6 Robinson, 299, in which, under a similar state of facts, we said that, " we know of no authority that the District Court has to issue a *mandamus* to the recorder of mortgages, commanding him to erase mortgages, without notifying the parties interested in them." There we again recognized the doctrine that, " a sale of the property composing a succession, legally and regularly made under a judgment of the Court of Probates, discharges the mortgages on it, which may have been given by the deceased ; and that the purchasers take it free from incumbrances, which the Court of Probates has the power to erase.". 2 Mart. N. S. 225, 336 ; 9 La. 197 ; 17 La. 378. In the case of *The State* v. *Leblanc*, 5 La. 330, the same conclusion was adopted, and the rule prayed for was discharged, as those having an interest, real or pretended, adverse to the application, had not been made parties. So it was in the case of *Gasquet* v. *Dimitry*, 6 La. 454, in which this court held in substance, that, although the sheriff is authorized, under art. 708, of the Code of Practice, to release

all the posterior mortgages, he cannot be ordered to give the release, unless the proceedings instituted for that purpose, are carried on contradictorily with the mortgagees, and after due notice served upon them. Indeed, there would be no use or object in such proceedings had in the absence of the interested parties, as their rights, if they have any, could not in any manner be affected by a judgment rendered against the recorder of mortgages, ordering him to erase the mortgages. It would be as to them, *res inter alios acta.* On the other hand, if the mortgages are legally extinguished or destroyed by the effect of the probate sale of the property, we cannot see what benefit will be derived to the party by ordering the recorder to erase them from his books, when his doing so cannot prejudice the rights of those who have an interest in the matter. It is now well understood, that a proceeding of this nature is entirely unavailable, unless carried on contradictorily with those against whom it is intended to be used.

We have been referred to a case in 14 La. 103, in which this court went so far as to say that, " when judicial or conventional mortgages are extinguished by a probate sale, or by the want of a new inscription for more than ten years, they should be noted by the recorder, and no longer be included in his certificates." But this is only recognizing the legal effect of such sales, or of the want of a new inscription with regard to pre-existing mortgages; and this court never intimated that the recorder was bound, *ex officio*, to make the erasure of such mortgages, and to expunge them from his books, on being informed of the circumstances under which they were legally extinguished. He may perhaps do so, if he is certain of the facts ; but it will be at his peril, and he will not be protected against the consequences of his act, if improperly done. It cannot be doubted, that mortgages are extinguished by the probate sale of succession property, so far as such mortgages have been created by the deceased, when it has been legally made ; but it is clear, that the question whether the sale is legal or not, and whether, in this case, the mortgages have ceased to have any effect, as a consequence of the said sale, cannot be decided in the absence of the mortgagees,

against whom our judgment could not have the force and effect of *res judicata.*

*Judgment affirmed.*