## WILLIAM LEWIS *v.* LEWIS LABAUVE and Sheriff.

The rules of proceeding contained in the Civil Code in regard to the hypothecary action, after its commencement, were repealed by the Act of the Legislature, 25th of March, 1828, which provides : " That all rules of proceeding which existed in this State before the promulgation of the Code of Practice, except those relative to juries, recusation of Judges and other officers, and of witnesses, and the competency of the latter, are hereby abrogated."

Where the law gives a delay within which a thing may be done, the right to do the thing exists so long as no act of the court or of the opposite party has intervened to conclude that right.

A third possessor, who is not personally liable for the debt, may, for good cause, enjoin the execution of the order of seizure even after the delay of ten days, mentioned in Article 3366 of the Civil Code.

Parol testimony is not admissible, that any other terms of sale were announced by the Sheriff than those contained in the advertisement and *proces verbal* of sale.

The Supreme Court will not remand a case in order to allow the Sheriff to amend the *proces verbal* of a sale, where no effort was made in the lower court to procure such amendment.

When a sale of succession property is ordered to be made on the petition of the administrator on a credit of twelve months, for the purpose of paying debts, it is not necessary the property should bring the appraisement.

A probate sale has the effect of extinguishing all mortgages on the property given by the deceased.

APPEAL from the District Court of the Parish of Jackson, *Barry, J. McGuire & Ray,* for plaintiff and appellant. *J. W. Stell,* for defendant.

MERRICK, C. J. We think the judgment of this court, heretofore pronounced

in this case, ought to be set aside, and that there should be a judgment for the plaintiff maintaining his injunction.

Article 3366 of the Civil Code provides : " That the third possessor, who is not personally liable to the debt, may, notwithstanding, within ten days *of his being served with an order* of seizure, oppose the sale of the property," etc. The delay here spoken of, connected with the service of the order of seizure, seems to us as much a rule of proceeding as does the delay for filing an answer to the petition and citation in an ordinary case, the delay for filing an opposition to an account or tableau of distribution ; to the meetings of creditors ; the delay for filing cross interrogatories and answers to rules ; in fine, any of the delays spoken of in the Code of Practice. Indeed, in the Code of Practice the subject of the seizure of the property is treated of at large. Article 3365, C. C., which immediately precedes the Article in question, is reënacted in Art. 70 of the Code of Practice. That portion of Article 3366, which treats of discussion, is re-enacted (except as to the delay in which it is to be filed) in Articles 71 and 72, C. P. Then again the Articles 738, 739 and 749, of the Code of Practice, recognize the right of the defendant, in the executory process, to obtain an injunction to prevent the sale, and no delay is fixed (except the sale) within which such injunction shall be issued. The whole object, therefore, of Art. 3366 seems to have been reconsidered and revised in the Code of Practice.

The difference between this and an ordinary prescription consists in the fact, that the prescription is a mode by which debts are barred because no suit has been instituted for the recovery thereof within a period fixed by law. In this case, it is the service which fixes the delay within which the opposition may be filed. It is a rule of proceeding, because it prescribes the delay within which an opposition, which has the nature of an answer, may be filed in a legal proceeding. Then if it is a legal proceeding, this part of Art. 3366 has been repealed by the 25th section of the Act of 25th March, 1828, which provides : " *That all rules of proceeding which existed in this State before the promulgation of the Code of Practice*, except those relative to juries, recusation of judges and other officers, and of witnesses, and the competency of the latter, be and are hereby abrogated ; and that all the civil laws which were in force before the promulgation of the Civil Code, lately promulgated, be and are hereby abrogated, except so much of title tenth of the old Civil Code as is embraced in its third chapter, which treats of the dissolution of communities or corporations." The rules of proceeding contained in the Civil Code, in regard to the hypothecary action, after its commencement, are, we therefore conclude, expressly repealed.

But conceding that Article 3366 of the Civil Code is still in force, it has been repeatedly held by this court, that where the law gives a delay within which a thing may be done, the right to do the thing exists so long as no act of the court, or the opposite party has intervened to conclude that right. See 3 An. 196. Thus the defendant has two judicial days within which to file his answer after a judgment by default has been taken against him ; nevertheless he may file his answer and have the default set aside at any time before a trial on the tacit issue arising out of the judgment by default. 12 L. R. 7, *Lallande* v. *Terrell.* The law requires the opposition to be filed within ten days after the publication of the filing of the tableau of distribution, yet it has always been held that it might be filed as a matter of right at any time (at least) before the case is set down for trial, and so of other instances. As the penalty of nullity is not pronounced by Article 3366, if the party does not file his opposition within ten days, we do not

think that a sound construction of it would require this court to hold that the owner of an estate has forfeited the same to the person setting up an unfounded hypothecary action, if his opposition to such hypothecary action has not been filed within ten days mentioned in the Article.

Again, Article 3366 of the Civil Code provides for the delay within which an *opposition* is to be filed. This suit was commenced by another proceeding, the injunction, and as the Code of Practice treats of these two proceedings, injunction and third oppositions, under distinct heads, we should have no hesitation, did I believe Article 3366 in force, in distinquishing between an injunction and opposition, in order to prevent the evils which will flow from an opposite construction. The case of *Berlin* v. *Lane*, 4 N. S. 611, relied on and quoted so much at length, was decided before the great repealing Act of 1828 was passed.

The judge of the lower court erred in receiving the parol testimony of the Sheriff to show that any other terms of sale were announced to the purchasers than those contained in the advertisement and *proces verbal* of the sale. It is too late to move this court to remand the cause in order to allow the Sheriff to amend the *proces verbal* of the sale, when no effort was made in the lower court to procure such amendment, and particularly when the *proces verbal* of the sale corresponds with the advertisements.

The sale having been made, on the petition of the administrator, on a credit of twelve months, for the purpose of paying debts, it was not necessary that it should bring the appraisement, and it cannot be treated as a nullity in this form of action. The probate sale had the effect of extinguishing the mortgage given by the deceased upon the property, and the mortgage creditor must look to the proceeds in the hands of the administrator.

It is ordered, adjudged and decreed by the court, that the judgment of this court, pronounced on the 28th day of July, 1855, be set aside, and that the judgment of the lower court be avoided and reversed; and we do now order, adjudge and decree, that the injunction sued out in this case be made perpetual, and the said mortgage to said *Markham*, claimed by said *Labauve*, is declared extinguished as to said tract of land, and it is further ordered that the defendant pay the costs of both courts, without prejudice to any right he may have upon the proceeds of said sale.

COLE, J., concurring. Without expressing any opinion as to the repeal of Article 3366 of the Civil Code by the Act of 1828, I concur in the decree of Chief Justice Merrick, on these grounds, to wit:

That Article 3366 refers to oppositions, and is not, therefore, applicable to the case at bar, which is an injunction.

The " ten days " therein mentioned, within which the third possessor may oppose the sale, do not, therefore, prescribe the period beyond which it is too late to sue out an injunction.

2. Even if this Article may be considered to govern the time within which an injunction must issue, yet the same form of expression has been held to entitle a party to act so long as no action of the court or the opposite party has intervened to conclude that right; such has been the interpretation of the court as to the time within which a defendant may file his answer, after judgment by default has been taken against him; the same construction governs as to the time within which a party may file an opposition to a tableau of distribution. *Wilson* v. *State Bank*, 3 An. 197.

SPOFFORD, J., dissenting. A re-hearing was granted in this cause three years

ago, for the purpose of more fully investigating the question whether Article 3366 of the Civil Code, limiting such an opposition as this to ten days from the service of the order of seizure upon the third possessor had been repealed.

The question has been thoroughly discussed, but the discussion has failed to satisfy my mind that there has been a repeal either express or implied.

It is urged that the Code of Practice, adopted subsequently to the Civil Code, of itself abrogated the provision in question, because Article 738 of the former Code declares, that " the *debtor*, against whom this order of seizure shall have been rendered, may obtain an injunction to suspend the sale if, *before the time of sale*, he files in the court issuing the order his *opposition* in writing alleging some of the reasons contained in the following Article, and of which he shall swear to the truth." The argument assumes that the third possessor is included under the expression " *the debtor* " in this article. But this inference is repelled, not only by the obvious meaning of the term *debtor*, but by the subsequent Articles of the Code of Practice itself, which proceed to draw a marked distinction between the debtor and the third possessor. Article 744 declares, that " the executory process in matters of privilege and mortgage may be pursued, not only against *the debtor or his heirs*, but also against the *third possessors* of the things subjected to it, according to the forms prescribed in the third paragraph, 2d section, 3d chapter of the 1st part of this Code." *i. e.* Arts. 61 *et seq.* These forms (as to the third possessor) are laid down in Articles 68, 69, 70, 71, 72, 73 and 74. Now the question occurs, is there anything in these Articles inconsistent with Article 3366 of the Civil Code? For if they can stand together as parts of one statute, there is no express repeal. And it seems to me clear that they can stand together. Article 71 authorises the third possessor (not personally bound for the debt) to *oppose* the sale, by the plea of discussion. But it says nothing about the time within which this opposition must be made. That matter is left, therefore, where it stood before, regulated by Article 3366 of the Civil Code, which requires the opposition to be within ten days from the service of the order of seizure. In Article 74 a time is limited for another purpose, but not for the filing of oppositions. " Third possessors of property which has been seized, owing to their failure of discharging the hypothecary debt within ten days after having been notified that payment has been demanded of the hypothecary debt, may, *until the very day of the sale*, retain possession of the hypothecated property, by paying the debt with interest and all costs incurred in the suit." We cannot suppose that the framers of the Code of Practice were ignorant of Article 3366 of the Civil Code or of the judicial interpretation given to the corresponding Article of the old Code. And their silence in regard to the limitation of the oppositions filed by third possessors, whilst treating of the hypothecary action, indicates that they had no intention to change the law in that respect. Thus much for the alleged repeal by implication, a species of repeal, we may remark, not favored in law.

Again, it is contended that the provision of which we speak was *expreesly* repealed by the 25th section of the Act of March 25th, 1828, wherein it was declared, " that all the *rules of proceeding* which existed in this State before the promulgation of the Code of Practice, except those relative to juries, recusation of judges and other officers, and with respect to the competency of the latter, be and are hereby abrogated." Is the limitation of an opposition by a third possessor to ten days from the service of the order of seizure upon him, " a rule of proceeding " in the sense of this statute? No more, it would seem, than the prescription of various actions laid down in the Civil Code and other statutes. An

49

Act of 1817 (p. 136), for instance, provided, that if after the appointment of syndics, any of the creditors of the insolvent should deem it necessary to oppose it on the ground of fraud in the insolvent debtor, or of the appointment having been illegally made, he shall, *within ten days* next following the appointment of said syndics lay before the court his opposition, stating the facts regarding the nullity of said appointment, or the fraud by him alleged against the insolvent debtor. It would hardly be contended that this limitation of an opposition to ten days was repealed by the Act of 1828, on the ground that it was " a rule of proceeding " contemplated thereby. And it has been held to be a peremptory rule. And so of numerous incidental matters in the Civil Code. The Act of 1828 had relation to such statutes as were previously in force having *rules of practice* for their main object, and did not repeal any thing in the Civil Code which could harmonize with the Code of practice.

Thus much upon the question of the repeal of Article 3366 of the Civil Code, a question upon which I am compelled to differ from two of my colleagues.

But the only point upon which a majority of the court have expressed an opinion which leads to a reversal of the former judgment, and, therefore, the only points established as the doctrine of this case, is a point not raised by counsel either in the original argument, or in the argument upon the re-hearing. It was evidently not in the mind of the court when the re-hearing was granted, for the attention of counsel was only called, by our order, to the effect of the repealing Act of March 25th, 1828.

That point is, that Article 3366 of the Civil Code does not touch this case, even if in force : 1st. Because it relates to *oppositions*, not *injunctions*, and 2dly, because if it could be considered as relating to injunctions, the delay is directory merely, and not peremptory, and what is ordered to be done within a given time may, in some cases, be done later.

It suffices for me to say, that both these arguments were considered and passed for naught in the parallel case of *Babin* v. *Lainé,* 4 N. S. 64. I cannot better close this dissenting opinion than by quoting the language of Mr. Justice Matthews in that case, language whose weight is not impaired by the lapse of time, nor, so far as I have been able to ascertain up to the present case, by any countervailing authority. After stating that the order of seizure and sale in that case " was regularly served on the plaintiffs, who made an *opposition* to the proceeding *within the ten days allowed to them by law for that purpose ;* but when the Sheriff was about to proceed to sell the property seized, they presented a petition to the judge *a quo* for an INJUNCTION to stay proceedings, which was granted, and afterwards dissolved on hearing of the cause ; and from this decree of dissolution they appealed." The court then proceeded to give the following reasons for affirming the judgment which dissolved the third possessor's *injunction :*

" The right of a mortgage creditor to cause things mortgaged to be seized and sold, to satisfy the debts for which they were hypothecated, notwithstanding they may have changed owners and possessors, is legally clear and absolute. Third possessors of mortgaged property have, by law, the choice of either paying the debt for which it is mortgaged, or surrendering it to be sold, etc. If they do neither, then they must be proceeded against by what is termed an action of mortgage, etc. The law allows to them ten days after notification of the order of seizure and sale ; within which they are bound to pay the debt for which the property is hypothecated, or make *opposition* to the legality of the mortgage and proceedings thereon. C. C. p. 462."

" It is true, that *no negative expressions are found in the law denying the exercise of this right after the expiration of ten days ; but we are of opinion that the negative is so strongly implied, as to show the intention of the legislature was, to fix that period limited, within which* ALONE *such opposition may be made.* Any other interpretation of the law on this subject would entirely destroy the facility granted to the collection of debts secured by mortgage, and would produce the same delays in that mode of pursuit, now called summary and prompt, which exist in the ordinary manner of proceeding, and which are so injurious to the credit of our fellow citizens who reside in the country."

Still entertaining these views, I think the judgment heretofore rendered by this court should remain undisturbed.

---

### OVERRULED OPINION.

SPOFFORD, J. We think the plaintiff is a third possessor in the sense of the law.

" The third possessor, who is not personally liable for the debt, may, notwithstanding, *within ten days from his being served with an order of seizure*, oppose the sale of the property mortgaged, which is in his possession, if he has good cause to show in support of such opposition : as that the mortgage has not been registered, or other plea, or if there is other property mortgaged for the same debt within the possession of the principal debtor or debtors, in which last case the possessor may demand that his property be previously discussed in the form directed under the title of *suretyship*, and during the discussion, the sale of the property mortgaged and in the possession of the third person shall be suspended." C. C. 3366.

This article is copied from Art. 44, sec. 2, ch. III, tit. XIX, (p, 462,) of the Code of 1808, with but a slight change, which is one merely of style.

That Article received judicial interpretation in the case of *Babin* v. *Laine*, 4 N. S. 611, when it was held that if the third possessor failed to make his opposition within the ten days, he was debarred from making it afterwards. The court said : "It is true, that no negative expressions are found in the law denying the exercise of this right after the expiration of ten days ; but we are of opinion that the negative is so strongly implied as to show the intention of the Legislature was, to fix that period limited, within which alone such opposition may be made. Any other interpretation of the law on this subject would entirely destroy the facility granted to the collection of debts secured by mortgage, and would produce the same delays in that mode of pursuit, now called summary and prompt, which exist in the ordinary manner of proceeding, and which are so injurious to the credit of our fellow citizens who reside in the country."

No authority has been referred to which clashes with this decision.

The phrase " good cause to show in support of such opposition," is very broad, and the instance given, " as that the mortgage has not been registered," is not exclusive. If that is such a cause as must be shown within ten days, there is no reason why the defence that the land has been purged of the mortgage by a probate sale, (the plea set up in this case) should not be interposed within the same limited time. Indeed, the Article of the Code would seem to imply that all pleas known, or which might be known, to the third possessor at the time of the service of the order of seizure and sale, should be interposed before the expiration of ten days.

In this case the plaintiff in injunction appears to have been served with the order of seizure on the 18th June, 1852 ; he sued out his injunction and filed his opposition on the 2d August, 1852.

The defendant in injunction (plaintiff in the order of seizure and sale) excepted *in limine*, that the third possessor had not made his opposition in time to be heard. The district judge being of this opinion, dissolved the injunction and ordered the sale to proceed.

Under the authorities cited, we cannot say that this decision was erroneous.

The judgment is, therefore, affirmed, with costs.