### DAVIS v. MARTIN, U. S. Marshal, et al.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

No. 1,018.

1. JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS.

Where a circuit court of the United States, in a suit for the foreclosure of a mortgage, has actually seized the property through its marshal, for the purpose of selling the same under the provisions of the mortgage, such court has jurisdiction of a suit by a third person, claiming

ownership of the property, to enjoin its sale, as ancillary to the original suit, and regardless of the citizenship of the parties.[1]

**2. ADMINISTRATORS—SALE OF REALTY—EFFECT ON MORTGAGES UNDER LAW OF LOUISIANA.**

Under the law of Louisiana, as settled by the decisions of its supreme court, a sale of real property of a decedent to pay debts of the succession, under a warrant duly issued therefor by the probate court having jurisdiction, extinguishes mortgages given by the deceased on the property, leaving mortgage creditors to look to the proceeds in the hands of the administrator.

**3. SAME—VALIDITY OF SALE—COLLATERAL ATTACK.**

Under the law of Louisiana, which requires land of a succession to be appraised by experts within one year prior to its sale under the warrant of a probate court, the failure to make such appraisal does not render the sale an absolute nullity, but is an irregularity only, which cannot be made the basis of a collateral attack upon the validity of the sale.

**4. SAME—FAILURE TO RECORD DEED.**

The fact that a deed to lands of a succession, executed by a sheriff on a sale made by him under a warrant from a probate court, is not filed for record until after the institution of proceedings by a mortgagee of the deceased to subject the land to his mortgage, does not affect the validity or effect of such deed as against the mortgagee, where it is left for record before he has actually seized the land; the law of Louisiana making it effective, as against third persons, from the time of filing, and not from its actual record.

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

On the 1st of October, 1888, W. L. Wooten, describing himself as a resident of Caldwell parish, state of Louisiana, executed an act of mortgage upon the property herein in controversy, in favor of Henry Dickinson, of New York, to secure the payment of an indebtedness of $5,000, with interest thereon from that date at 8 per cent. per annum until paid; the indebtedness thus secured being liquidated by the execution of a bond of even date, for the sum of $5,000, due October 1, 1893, to which were attached interest coupons, payable semiannually on the 1st days of April and October. This act was acknowledged by the maker before A. B. Hundley, clerk of the district court of Caldwell parish, on October 13, 1888, and the same was duly recorded in the mortgage records of Caldwell parish on same day. W. L. Wooten having died, his widow was appointed administratrix of his estate on December 23, 1893. On July 17, 1894, the court granted an order, on application of this administratrix, filed same day, directing that a writ of sale issue as prayed for, directing the sale of all the property (consisting entirely of real estate) of the succession of W. L. Wooten, deceased, after 30 days' advertisement according to law. On September 8, 1894, the sheriff of Caldwell parish, by virtue of a commission issued to him pursuant to above order, exposed the property in controversy for sale at the court house door in Caldwell parish, and, the same failing to sell for cash, it was readvertised, to be sold on credit of 12 months, on 29th of December, 1894; at which last date it was adjudicated to I. I. Davis, complainant, for the sum of $2,000, for which he executed bond and security. On 3d of July, 1897, J. B. Watkins, M. Summerfield, and T. H. Chalkley filed their bill of complaint in the United States circuit court for the Western district of Louisiana, alleging themselves to be owners of the bond and interest coupons, heretofore recited; that all of them were due and unpaid; that Wooten had died; that his widow was administratrix of his estate, and tutrix of his minor children; prayed for the issuance of a writ of seizure and sale, and that the property be sold in accordance with the terms of the mortgage. On same day the order was

---

[1] Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

granted, and on the 7th of July, 1897, notice issued to Mrs. Mattie A. Wooten, widow, in her own behalf, administratrix of the succession of W. L. Wooten, and as tutrix to Zenobia Wooten, minor, to pay the debt specified within three days, in default whereof the mortgaged property would be sold in satisfaction of the writ. On July 7, 1897, a writ of seizure and sale issued, and on August 18, 1897, was executed by seizure of the property. On September 14, 1897, the appellant filed his petition in the court below, therein asserting title to the property in controversy, through the succession sale heretofore recited, and that he had been in peaceable and undisturbed possession since the date of adjudication; that the marshal had seized it under a writ of seizure and sale issued at the instance of J. B. Watkins, and advertised the same for sale; that this would be in gross violation of his rights; that he was entitled to damages for the alleged tortious seizure; and that an injunction was necessary to arrest the sale. The petition was verified, and the judge granted the order of injunction on the 22d of September, 1897. The petitioner prayed for a citation, a writ of injunction pendente lite, a final injunction, a decree of restitution, and for judgment against the marshal and the plaintiffs in the case of Watkins et al. against Mrs. Mattie A. Wooten, in solido, for the sum of $650 damages, and all costs of suit. Thereafter the defendants in the petition appeared, and filed a demurrer, and for cause of demurrer set forth that the complainant had not by his bill made or stated a cause entitling him to relief, and that the bill was multifarious, in that some of the matters alleged were cognizant in equity and some were cognizant at law. On hearing this demurrer, the following entry was made: "As per assignment, the demurrer filed herein came on to be heard after argument by counsel for the respective parties, the same was overruled, and counsel for plaintiff elected to proceed on the equity side of the court. Case continued." Thereafter all the defendants joined in an unsworn answer admitting the issuance of the writ of seizure and sale, the seizure and advertisement for sale of the property described, but denying that Ivy I. Davis owns the property so seized and advertised, and aver the same belongs to the succession of W. L. Wooten. The answer further alleged that the pretended sale from the succession of Wooten to Ivy I. Davis, set up in the bill of complaint, is an absolute nullity, because the court under whose orders and decrees such sale was made was without jurisdiction over or of the succession of W. L. Wooten, and that its orders and decrees were absolute nullities, because said Wooten, at the time of his death, resided and had his domicile in the city of New Orleans, parish of Orleans, state of Louisiana. The case thereupon was continued from term to term, until the April term in 1900, when the defendants below filed the following as an amended answer, to wit: "Defendants, with leave of court, for further answer to bill of complaint, say and aver that plaintiff is not, and never was, owner of the lands," etc., "described in bill of complaint, and has not, and never had, any right, title, or interest therein or thereto. Defendants say and aver that the pretended sale set up by plaintiff is fraudulent, and has no legal or real existence. They aver that the recitals in pretended deed under which plaintiff claims are false; that the sheriff of Caldwell did not sell said land to plaintiff, or to any one else, and never offered same for sale under any writ on day stated in said pretended deed or at any other time. Adopting all allegations of answer, they pray that plaintiff's bill be dismissed, at his costs." Without further pleadings, the record shows that evidence was taken substantially establishing the facts alleged in appellant's petition, and thereafter a decree was rendered dissolving the preliminary injunction, denying the prayer for an injunction, and dismissing the plaintiff's bill. Solicitors for the appellants put in a motion for a new trial on the ground that the decree of the court is contrary to law and the evidence. This motion for a new trial being overruled, this appeal was taken, assigning errors as follows: "(1) That plaintiff is bona fide owner and possessor of the property described in his bill in this cause. (2) That he acquired said property by purchase at administrator's sale of the succession of W. L. Wooten, through the sheriff as auctioneer, on December 31, 1894, and since that date has been in quiet, peaceable, and undisturbed possession thereof, exercising all the acts of ownership, to the knowl-

edge of Jabez B. Watkins et al., seizing creditors and defendants in this suit. (3) That defendant, marshal of this court and of the Western district of Louisiana, acting under and by virtue of an order of seizure and sale and writ of sale, which issued from this honorable court in the cause, entitled 'Jabez B. Watkins et al. v. Mrs. Mattie A. Wooten, Widow, Administratrix, et al.' and No. 203 on the docket of this court, and at the instigation of the plaintiff in said cause, seized, took possession of, and advertised for sale plaintiff's property, and described in the bill of complaint in this cause. (4) That a writ of injunction is necessary to prevent the sale of plaintiff's property for the debts of another. (5) That the succession sale at which plaintiff purchased property described in his bill devested said property of all mortgages placed upon it by the deceased, and especially devested said property of the mortgage now sought to be executed against it, and transferred said mortgages to the proceeds paid by plaintiff in the hands of the administratrix. (6) That the circuit court of the United States for the Western district of Louisiana erred in denying plaintiff's title and refusing the injunction prayed for."

Geo. E. Dodd and F. G. Henderson, for appellant.

A. H. Leonard, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). As there was an actual, physical seizure and custody of the property in controversy in the suit of Watkins et al. against Wooten, in the circuit court, that court had jurisdiction to hear and determine the controversy inaugurated by the petition filed by appellant and the proceedings thereunder, irrespective of the citizenship of the parties. Morgan's L. & T. Ry. v. Texas Cent. R. Co., 137 U. S. 171, 11 Sup. Ct. 61, 34 L. Ed. 625, and cases there cited. The record shows that the proceedings on the appellant's petition have been carried on and conducted under the liberal rules of procedure as laid down in the Louisiana Code of Practice, and in total disregard of the equity rules which control equitable proceedings in the courts of the United States. Although this has been done without objection in the circuit court, and with the apparent sanction of the judge, and no errors are assigned thereon in this court, it is with hesitation we deal with the case on the merits, and as if the proceedings were in all respects regular.

The case shows that the succession of W. L. Wooten was regularly opened in the district court of Caldwell parish, and that thereon proceedings were had that resulted in a sale and transfer of the property in question to pay debts. According to the laws of Louisiana, as expounded by the supreme court of the state, it is well settled that such a sale, when perfected, has the effect of extinguishing mortgages given by the deceased upon the property, leaving the mortgage creditors to look to proceeds in the hands of the administrator. Lafon's Ex'rs v. Phillips, 2 Mart. N. S. 231; De Ende v. Moore, Id. 336; Joyce v. Poydras de la Lande, 6 La. 283; Hoey v. Cunningham, 14 La. 86; French v. Prieur, 6 Rob. 299; Leverich v. Same, 8 Rob. 97; Lewis v. Labauve, 13 La. Ann. 382; and see Succession of Thompson, 42 La. Ann. 122, 7 South. 477.

The alleged answers in this case deny the validity of the sale made under the authority of the district court of Caldwell parish in

the succession of W. L. Wooten, on the ground that said Wooten, at the time of his death, resided and had his domicile in the city of New Orleans, parish of Orleans, state of Louisiana, and not in the parish of Caldwell, of said state. If we understand the law of Louisiana, only the probate court of the parish of the domicile of the deceased has jurisdiction to open the succession and conduct succession proceedings, and if, in fact, at the time of his death, the said Wooten was a citizen of the city of New Orleans, parish of Orleans, the district court of Caldwell parish was without jurisdiction, and its judgment and proceedings were nullities. But we fail to find in the evidence any proof whatever that the said Wooten at the time of his death was a citizen of the city of New Orleans, parish of Orleans, but find abundant evidence to the effect that at the time of granting and acknowledging the mortgage to Henry Dickinson said Wooten was a citizen of Caldwell parish. The amended answer alleges that the sale by the sheriff, under the orders of the district court of Caldwell parish, was a simulation and a sham, and had no legal and real existence; that the recitals in appellant's deed are false; that the sheriff of Caldwell parish did not sell said land to the plaintiff or any one else, and never offered the same for sale under any writ.

Assuming that this is a sufficient averment that the sale by the sheriff of Caldwell parish, under the alleged order of the district court of Caldwell parish, was a nullity, still we fail to find any evidence whatever in the record showing, or even tending to show, that the proceedings were not valid and regular. Certainly Wooten was dead, his last domicile as far as the record goes was in Caldwell parish, and apparently the district court of Caldwell parish was seized of jurisdiction, and it unquestionably issued the order of sale under which the sheriff acted. It is a well-settled rule in Louisiana that in a matter of judicial sales a purchaser need not look beyond the jurisdiction of the court and the sufficiency of the order to warrant the sale. Webb v. Keller, 39 La. Ann. 55, 67, 1 South. 423, 431, and cases there cited.

Several objections are made in the brief of the learned counsel for appellee, which we consider in order:

(1) It is contended that the sheriff's deed is invalid because the decree directing the sale of succession property should be according to law, and that according to law succession property cannot be sold, unless within 12 months preceding it has been duly appraised, and that according to the deed executed by the sheriff to the appellant, the sheriff made an appraisement of the property instead of having the property appraised in the succession proceedings. The record apparently shows that the sale took place more than a year after the appraisement made by the experts appointed by the judge. Counsel cites Webb v. Keller, supra, to the effect that it was the duty of the judge to cause the property to be estimated by experts before proceeding to the sale thereof, if it was such property as had remained unsold for more than one year after the appointment of the executrix or administrators; and cites Elliott v. Labarre, 2 La. 328, to the effect that if the forms of law be omitted a succession

sale will be annulled. Conceding all this to be as counsel claims, we are of opinion that the irregularity suggested was a relative nullity, and whatever its value may be in a suit to annul the sale brought in the district court of Caldwell parish it is insufficient here to affect appellant's title.

(2) It is further contended that the deed does not show a sheriff's sale because it is signed by the sheriff and two witnesses, and is not signed by the purchaser, and therefore is not an authentic act, but a mere private act. The sheriff's deed, as evidence of title, seems to have been proved and presented in evidence without any question, and we find no motion to suppress the same, either in the court below or in this court.

(3) It is further complained that the sheriff's deed was not recorded at the time of the issuance and execution of the writ in the main case of Watkins et al. against Wooten, and the marshal, therefore, had the right to seize. The certificate shows that the deed was deposited for record in the proper parish on July 21, 1897, about a month prior to the actual seizure made in this case. We understand the law of Louisiana to be that a record of a conveyance of lands takes effect against third persons from the date of deposit and filing by the proper officer of the deed or other instrument, and that the time the officer actually spreads the conveyance on the records is immaterial as affecting the rights of parties. Payne v. Pavey, 29 La. Ann. 116; State v. Rojillio, 30 La. Ann. 883; Way v. Levy, 41 La. Ann. 454, 6 South. 661.

Counsel for appellees calls the attention of the court to alleged suspicious facts appearing on the face of the evidence, to wit:

"The deed, a copy of which is in evidence, recites: 'Before me, M. L. Micom, clerk 4th district court and ex officio recorder and notary public, came and appeared J. J. Meredith, sheriff,' etc. But the clerk does not sign the deed. The deed is dated December 31, 1894. It was not offered for record for more than two years. It is signed 'Jack J. Meredith, Sheriff,' and J. J. Meredith is one of the two witnesses to his own signature. The tax receipts offered in evidence show that the land was not assessed to complainant, but was assessed to W. L. Wooten during the years 1895, 1896, and 1897, and paid to this same sheriff, Jack J. Meredith, by the mortgagees, Watkins and others."

Under the law of Louisiana, it was not necessary for the clerk to sign the sheriff's deed. The statute makes the sheriff's deed authentic when signed by him. See Code Prac. La. arts. 692–698. The deed was recorded before the seizure in the suit of Watkins v. Wooten. And in this connection we may notice the fact that, as the mortgage debt on which appellees brought executory process was long past due, the appellees were not very diligent themselves. The transcript shows that the sheriff's deed is signed by Jack J. Meredith, sheriff, and witnessed by C. M. Jarrell and I. I. Meredith. The tax receipts show that the land was assessed during 1896 and 1897 to W. L. Wooten, but do not show that the same land was not assessed to appellant.

On the record and case as made before the lower court, we are clear that the appellant shows a sufficient title to the land in controversy, and that by the sale made under the decrees of the dis-

trict court of Caldwell parish the said land has been divested of any lien arising under the mortgage which is the basis of the seizure and sale in the main suit, and we are clear that on the record and evidence as submitted the appellant was entitled to a decree in his favor.

The cause will be remanded to the circuit court, with directions to enter a decree in favor of the petitioner, granting a perpetual injunction against the marshal and the complainants in the suit of Watkins et al. against Wooten et al., forbidding and enjoining them from further proceedings to subject the property described in the plaintiff's petition to the mortgage granted by W. L. Wooten in his lifetime to Henry Dickinson, which mortgage is fully set forth in the record, and to further decree the release of the seizure of said property and the restitution of the same.