FORET, Judge.
This is a suspensive appeal from the trial court’s granting of a summary judgment in which the court held that C. J. Dronet Construction Company, Inc., defendant-appel-lee, was the owner of certain property seized under a writ of seizure and sale, free and clear of the mortgage claim of the seizing creditor, All State Credit Plan, Inc. The trial court revoked the order of seizure and sale, and granted a permanent injunction.
In the Succession of Louis Ivy Poirer, Probate Docket No. 7761 of the Fifteenth Judicial District Court, in and for the Parish of Vermilion, Curney J. Dronet, defendant-appellee, was duly appointed and qualified as administrator. On July 14,1976, the administrator filed a “Petition for the Private Sale of Immovable Property.” An order of the Fifteenth Judicial District Court was issued on that same day wherein it was ordered that notice of the proposed private sale be published in the manner and form provided by law. There was full compliance with the requirements of law. On August 31, 1976, a private sale of the property was executed by which C. J. Dronet Construction Company, Inc., defendant-ap-pellee, became the owner of the property.
On September 15, 1976, plaintiff-appellant filed a petition for executory process against Lovelace Theall, Jr. and Judith Bouillion, mortgagors, Curney J. Dronet, administrator, and C. J. Dronet Construction Company, Inc. In the petition it was alleged that petitioner was the holder in due course of a note dated August 23,1976, for the amount of $5,315.11 payable to bearer, and made by Theall and Bouillion; that the note was paraphed “Ne Varietur” for identification with an act of mortgage dated the same day and executed therewith; and that by cash deed dated August 31, 1976, which deed was recorded in the conveyance records of Vermilion Parish, Cur-ney J. Dronet, as administrator of the Succession of Louis Ivy Poirer, sold the property in question to C. J. Dronet Construction Company, Inc.
To the above petition for executory process, Curney J. Dronet, as administrator, and C. J. Dronet Construction Company, Inc. filed an answer alleging that Curney J. Dronet was a mortgage creditor of the decedent, Louis Ivy Poirer, and his wife, Judith Bouillion Poirer, which mortgage was originally executed to the United States of America (Federal Housing Administration) under date of May 12,1972, and was recorded in the mortgage records of Vermilion Parish; that, by authentic act, the above mortgage was assigned to Dronet; and that, after full compliance with all of the requisites and formalities required by law, on August 31, 1976, C. J. Dronet Construction Company, Inc. acquired the property by act of private sale executed by C. J. Dronet, Administrator. To the answer were attached and annexed certified copies of instruments corroborating those allegations; and that answer included a prayer for injunctive relief and for summary judgment.
The sustaining of the summary judgment and the granting of the permanent injunction were properly made by the trial court. A motion for a summary judgment should not be granted unless there exists no genuine issue of material fact and mover is entitled to judgment as a matter of law. C.C.P. Article 966; Scanlan v. Haristy, 316 So.2d 841 (La.App. 3 Cir. 1975); cases too numerous to cite.
In this case there was no issue of material fact. The motion was supported by certified copies of the petition for private sale of immovable property with appurtenant orders, the notice of application and the petition to pay mortgage debt, certificate of the clerk showing no opposition, and a duplicate copy of the authentic act by which the mortgage of decedent, Louis Ivy Poirer, and Judith Bouillion Poirer to the United States of America (Federal Housing Administration) was assigned to Curney J. Dronet. Plaintiff-appellant, in its petition for execu-tory process, admitted that the property on which it had a mortgage was sold at private sale to C. J. Dronet Construction Company, Inc. It filed no documents — affidavits, depositions, answers to interrogatories, etc.— *204 by which it denied that which was contained in the supporting documents for the summary judgment.
The law provided plaintiff-appellant with many opportunities to delay, hinder, or impede the private sale or to seek the proceeds therefrom. According to C.C.P. Articles 3282 and 3283, a creditor may file an opposition to a private sale of the property of a decedent within seven days of the date of last publication of the notice of the proposed sale. The creditor also may, at any time prior to the homologation of the administrator’s account, file an opposition thereto. C.C.P. Article 3336. After the sale has taken place, a creditor may file pleadings by which he seeks rescission or annulment of the sale. Plaintiff-appellant could have easily done so by converting the executory proceeding to an ordinary proceeding-and then alleging grounds for rescission or annulment of the sale. Instead, plaintiff-appellant chose to institute and persist in an executory proceeding.
Only an issue of law — does a private sale in a succession proceeding clear all inferior mortgages and liens and thereby relegate the inferior mortgages and lien-holders to the proceeds of the sale — remained. In ruling that the sale of the property to C. J. Dronet Construction Company, Inc. was free and clear of the mortgage of plaintiff-appellant, the trial court followed the jurisprudence of this state relative to the resolution of that issue.
Where a probate sale is properly and regularly conducted, the effect is to clear the property of mortgages, judicial or otherwise, and to refer the holders of those mortgages to the proceeds of the sale. Lafon’s Ex’rs v. Phillips, 2 Mart., N.S. 225; De Ende v. Moore, 2 Mart., N.S. 336; Joyce v. Poydras de la Lande, 6 La. 277; French v. Prieur, 6 Rob. 299; Lewis v. Labauve, 13 La.Ann. 382. C.C.P. Article 2673, Official Revision. Comments. Succession of Rolland, 8 So.2d 546, 549 (Orl.La.App.1942).
We notice that the first paragraph of the trial court judgment reads as follows:
“It is ordered, adjudged and decreed that the Motion for Summary Judgment filed by relators, Curney J. Dronet and C. J. Dronet Construction Company, Inc., be and the same is hereby sustained, and the preliminary injunction heretofore issued is hereby made permanent, without bond, and the order of seizure and sale issued herein on September 10, 1976, be and the same is hereby revoked, and C. J. Dronet Construction Company, Inc. is recognized to be the owner of the property therein seized, free and clear of the mortgage and claim of respondent, All State Credit Plan, Inc.” (Emphasis added.)
We amend the above quoted decree portion of the trial court judgment to read as follows, deleting that portion of the original decree which is underscored above:
“It is ordered, adjudged and decreed that the Motion for Summary Judgment filed by relators, Curney J. Dronet and C. J. Dronet Construction Company, Inc., be and the same is hereby sustained, and the preliminary injunction heretofore issued is hereby made permanent, without bond, and the order of seizure and sale issued herein on September 10, 1976, be and the same is hereby revoked.”
By amending the trial court judgment as above, we are still recognizing the fact that the sale to C. J. Dronet Construction Company, Inc. is free and clear of the mortgage and claim of All State Credit Plan, Inc. Our reason for amending the trial court judgment is to delete that portion of the trial court judgment which recognizes C. J. Dronet Construction Company, Inc. “to be the owner of the property therein seized.” In this litigation, title to the property involved is not at issue, and we do not consider it appropriate to declare the ownership of the property to be vested in C. J. Dronet Construction Company, Inc. We are merely recognizing the fact that the private sale of succession property to C. J. Dronet Construction Company, Inc. was accomplished in accordance with law, and that the said sale was free and clear of the mortgage and claim of plaintiff, All State Credit Plan, Inc.
*205 As amended above, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant, All State Credit Plan, Inc.
AMENDED AND AFFIRMED.