BRADFORD *vs.* DORTCH ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

Where a tract of land is sold for cash at the probate sale of a succession, and expressly declared to be subject to a lien in favor of the vendor, for the original *price* and interest, and the purchaser bids over this amount, he is entitled to the benefit of his bid, by paying the *overplus in cash.*

So, if the sum due the vendor has been seized in execution, the purchaser of the land at probate sale takes it subject to this claim, in whosesover hands it may come.

This suit commenced by injunction, to restrain the resale of a certain tract of land, which the plaintiff had purchased or was struck off to him, at the probate sale of the succession of George W. Dortch, deceased.

The facts of the case are fully stated and set forth in the opinion of this court, which follows.

The district judge presiding, non-suited the plaintiff, and dissolved the injunction, and he appealed.

*Andrews* and *Boyle* for the plaintiff and appellant.

*Lawson,* contra.

*Carleton, J.,* delivered the opinion of the court.

The petitioner avers, that at a probate sale of the estate of G. W. Dortch, deceased, on the 11th April, 1834, he purchased as the last and highest bidder, for four thousand one hundred and fifty-five dollars, all the right, title and interest of the deceased, to a tract of land of 500 arpents, situated on Black Creek, in the parish of East Feliciana, and subject to a lien or privilege in favor of James Bradford, the vendor of the deceased, for the sum of three thousand eight hundred and fifty dollars; that the overplus of that sum was, according to the conditions of sale, to be paid in ready money to the defendant, E. G. Dortch, as the widow and tutrix of the minor children of the deceased; that he tendered to the parish judge, by whom the land was sold at auction, certain

notes drawn by said James Bradford, for more than the amount due him on the price as vendor; as also, three hundred dollars in cash, being the sum over and above the vendors privilege, for which the land was struck off to him, all of which was refused by the parish judge; and that he therefore deposited the money in the Union Bank at Clinton; that nevertheless, the judge has readvertised the land, and is about to sell it to the great damage of the petitioner, and concludes with a prayer, that the defendants and parish judge, as auctioneer, be perpetually enjoined from the resale of the land; and that he be decreed to be the owner thereof, and of all the right, title and interest of the said deceased in the same.

The injunction was accordingly granted, until the further order of the court.

The defendants, for answer, insist that the plaintiff, from his own showing, is not entitled to recover; that the land was advertised and sold for cash; and that the whole of the four thousand one hundred and fifty-five dollars ought to have been tendered in money, and not the notes and surplus only over the amount of the vendor's lien; further, that before the sale, all the rights and privilege of James Bradford, the vendor, were seized under a *fi. fa.*, at the suit of the Louisiana Bank, in virtue of a judgment against him; that due notice thereof was given to the defendants, previous to the adjudication; and that thereafter, all the rights of the vendor, were divested by a sheriff's sale, made to D. M. Bradford and Beauchamp.

The plaintiff obtained leave to file an amended petition, claiming one thousand dollars damages, which he alleges to be the value of the rents of the land while withheld from him.

The District Court gave judgment as of non-suit against the plaintiff, and he appealed.

According to the terms of sale, as fixed by the creditors of the deceased, and set out in the *procès verbal* thereof, it is stated that "the land and negroes will be sold for cash, the personal property on a credit of twelve months, purchasers to give notes with approved personal security, bearing an interest of ten per cent. per annum after due, until paid." The

EASTERN DIST.
*January,* 1839.

BRADFORD
*vs.*
DORTCH ET AL.

*procès verbal* further declares, "the tract of land on Black Creek, being next offered for sale, and it being announced to the bidders, that it was subject to a lien in favor of James Bradford, for the purchase price and interest, and being often and repeatedly cried, was struck off to David Bradford, for the price and sum of four thousand one hundred and fifty-five dollars.

It appears, moreover, as is alleged in the defendants' answer, that a short time before the adjudication, the rights of James Bradford, the vendor, were seized at the suit of the Louisiana Bank, and notice thereof given to the defendants.

Under this statement of the case, the principal question to which our attention has been drawn is, whether, by this adjudication, all the right and title of the deceased to the land, passed to David Bradford, the plaintiff?

It appears to us, that inasmuch as the land was sold, subject to the lien of James Bradford, the vendor, all that could be required of the plaintiff was, that he should pay the overplus in money, which it is not disputed he offered to do. He could not be also required to pay in cash, the amount of the lien, for that would have been to contradict the very terms of the sale; and he would have still held the land liable to the vendor's claim, so that he might have been compelled to pay the same sum twice. This, we think, is the only effective and reasonable interpretation that can be given to the conditions of the sale, as disclosed in the *proces verbal.*

But the defendants' counsel insist, that the seizure by the Louisiana Bank, of the vendor's privilege, before the adjudication, and its subsequent sale, divested James Bradford of all his rights against the successsion of Dortch. This is a question not necessary for us to decide, and we, therefore, express no opinion upon it. All the parties interested are not before us; and in whomsoever the privilege of the vendor may abide, whether in himself, or the purchaser under the seizure, is a matter to be settled with the plaintiff, who takes the land subject thereto.

Nor do we conceive, that the tender of the notes of James

Where a tract of land is sold for cash, at the probate sale of a succession, and expressly declared to be subject to a lien in favor of the vendor for the original *price* and interest, and the purchaser bids over this amount, he is entitled to the benefit of his bid, by paying the *overplus in cash.* So, if the sum due the vendor has been seized in execution, the purchaser of the land at probate sale, takes it subject to this claim, in whosesoever hands it may come.

EASTERN DIST. Bradford, to the amount of his privilege, by the plaintiff, can
January, 1839. at all affect the merits of the case. · The only point before us
BEARD ET AL. being, whether the plaintiff has complied with the terms of
vs. sale and adjudication, and we are of opinion he has complied
POYDRAS. with them, and that he thereby acquired all the right, title
and interest of the deceased, G. W. Dortch, to the land in
question.

With respect to the claim for damages set up by the
plaintiff, the testimony is scant and unsatisfactory, and does
not enable us to form any opinion upon the subject.

We think the court below erred in non-suiting the plaintiff;
that the injunction ought to be reinstated, and made perpe-
tual, and the cause remanded for further proceedings.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be avoided and reversed ; that
the injunction be reinstated and made perpetual ; that this
cause be remanded for further proceedings according to law,
and that the appellees pay the costs of this appeal.