VINCENT AICARD *v.* ANDREW DALY. Rule on JOHNSON to cancel a Mortgage.

The probate sale of the separate property of the wife, made for the purpose of paying her debts, and of settling her succession, has the effect of canceling all the mortgages, existing in her name on the property sold. The curator, who administers the succession of his deceased wife, may purchase property at the probate sale.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Livingston*, for *Johnson*. *Warfield*, for plaintiff. *Miller*, for recorder of mortgages. By the court:

ROST, J. The first question in this case is, whether the probate sale of the separate property of the wife, made for the purpose of paying her debts, and of settling her succession, had the effect of canceling all the mortgages existing in her name, on the property sold. On this question, the present organ of the court differed from his brethren, on a former occasion, and thought the view he took most consonant with principle, if not with authority. As, however, authority has prevailed, and the decision of the court has become a rule of property, he feels bound to consider the question solved in the affirmative.

A town lot, belonging to *Sarah Daly*, and mortgaged by her to *Garner Johnson*, was sold at the probate sale of her succession, and purchased by *Andrew Daly*, through the agency of the curator of the succession, who was the husband of the deceased.

*Andrew Daly* subsequently mortgaged this lot to *Micheaud*, to secure the payment of a note given for a loan of money, and *Micheaud* transferred the note and mortgage to *Aicard*, the plaintiff.

*Aicard* caused the lot to be sold under that mortgage, and *Gardner Johnson* became the purchaser, at the price of $1,000, $500 of which he paid, and the other $500 he retained, to pay the mortgage he claims on the property, with interest.

*Aicard* took a rule upon him, to show cause why this mortgage should not be canceled, and erased from the records of the mortgage office, and why he should not be compelled to pay into the hands of the sheriff, the sum of $500; the district court made the rule absolute, and *Johnson* has appealed.

If the probate sale was legal, the mortgage in favor of the appellant, must be considered as having been canceled by it, and there is an end of the case; but, it is urged that the sale was not legal, on account of the omission, by the curator, of material formalities, and also because he acted, at the sale, as agent of *Daly*, the purchaser.

Without noticing, in detail, the informalities alleged, which, under the settled jurisprudence of this court, do not appear to us material, it is a sufficient answer to that part of the defence, that *Johnson* is the *ayant-cause* of *Daly*, and holds, under him: that, instead of offering to return the property, the defence he makes is in affirmance of the probate sale, and that he cannot be permitted to avail himself of it, so far as it gives him a title, and to repudiate it when he cancels his mortgage.

The curator, being the husband of the deceased, had authority to purchase, even for himself, at the probate sale. Acts of 1840, p. 123.

The evidence of *Daly*, offered by the defendant, to prove that he, *Daly*, assumed the payment of *Johnson's* mortgage, and that he notified *Micheaud* of this assumption, was properly excluded. *Daly* is bound by his assumption, but *Aicard* has nothing to do with this personal obligation, and it cannot be seriously urged, that a mortgage binding upon the plaintiff, could be thus credited.

Judgment affirmed, with costs.