## ELIZABETH KELLAR and HUSBAND v. PARISH & THOMPSON.

Where plaintiffs allege that the defendants, and those under whom they claim, hold illegal possession, defendants' titles are admissible to rebut the allegation of illegal possession.

Defendants' titles are also admissible to prove prescription when pleaded by the original defendants, and which their warrantors were authorized and interested to maintain.

APPEAL from the District Court, Tenth District, Parish of Carroll. *Dubose*, for plaintiffs and appellants. *Selby*, for defendants.

SPOFFORD, J. The plaintiff has appealed from a judgment against her in a petitory action.

She complains that the District Judge erred in admitting certain title deeds and judicial proceedings in evidence which were offered on behalf of the warrantors, *Clark* and wife. The objection was, that the document had not been specially set forth in the pleadings of *Clark* and wife.

The court did not err. The plaintiff herself alleged that the defendants and those under whom the defendants held had been in illegal possession of the land demanded in her petition ever since the year 1834. The titles under

KELLAR
*v.*
PARISH.

which that possession was held were admissible to rebut the plaintiff's assertion that the possession was illegal. They were also admissible to sustain the plea of prescription of ten and twenty years, which the original defendants had specially pleaded, and which their warrantors were authorized and interested to maintain. The plaintiff could not have been surprised, for these titles were substantially set out in the answer of *Kerr* and wife, warrantors.

The defendants have established a title by prescription.

It may be conceded that the plaintiff's undivided one-half interest in lot No. 6, township 21, north of range 13 east, was not legally divested, by the parish judge's sale, of the south half of said lot, because there had been no partition, and because of irregularities in the sale and in the proceedings anterior to the sale.

Still, on the 10th February, 1836, *Wm. A. King* and wife sold the whole of lot No. 6, by public act, to *Zachariah Dorsey* and .*Williamson Lyles*, whose good faith is not impeached by any evidence, and is therefore presumed. (C. C., 3447.) On the 2d December, 1836, *Dorsey* sold this lot to *Lyles*, to effect a partition, and *Lyles* died possessed of the same under authentic title. At his succession sale the lot in question was adjudicated to *James D. Kerr*, on the 2d February, 1841—a mortgage being reserved upon it for the payment of the price. *Kerr* failing to pay the price, an order of seizure and sale was issued against the land, and on the 5th May, 1846, it was adjudicated to *N. H. Clark*, and a formal deed was made to him. On the 22d June, 1850, *Clark* sold the land by authentic act to the defendants, *Parish & Thompson*.

The citation in this suit was not served until the 26th April, 1853.

The defendants, therefore, hold the land in dispute by an unbroken chain of recorded titles translative of property since the 10th February, 1836. And the plaintiff admits that defendants and their authors have been in possession since 1834. It matters not that the title of *Dorsey* and *Lyles* was derived *a non domino ;* for it was formal and sufficient upon its face to transfer the property.

The plaintiff has been absent from the State since 1831. From 1834 to 1848 the term of prescription for immovables, under a title, was twenty years, as against an absentee. (C. C., 3442.) By the Act of March 14th, 1848, (Sess. Acts, p. 60,) non-residents were put on the same footing with residents in this regard; and the term of prescription thenceforward, in a case of this kind, was fixed at ten years, or reduced one-half. Reckoning the time that had elapsed prior to the statutory change according to the old law, and the time that has elapsed since according to the new law, we find that the defendants and their authors had been in possession of the land sued for in good faith, under titles translative of property, long enough to perfect their title by prescription—more than two years before the service of citation in this suit. As to the mode of making the calculation, see *Shackleford* v. *Robinson*, 10 Ann., p. 583 ; *Goddard* v. *Urquhart*, 6 L., 660 ; *Xanpi* v. *Orso*, 11 L., 57.

The judgment is therefore affirmed, with costs.