## FELIX MICHEL *v.* A. J. DELAPORTE.

The existence of the clause *de non alienando* in an act of mortgage, does not change the rule that a sale of succession property regularly made under a judgment of the Probate Court discharges the mortgages on it given by the deceased.

| 14 | 91 |
| 52 | 1916 |

APPEAL from the District Court of the Parish of Terrebonne, *Roman,* J. *Connolly & Rightor,* for plaintiff and appellant.   *F. S. Goode,* for defendant.

COLE, J.   The only contestation in this suit and the only subject of appeal arises from the following part of the judgment of the District Court : " it is further ordered, that the privilege of plaintiff as a mortgage creditor be, and the same is hereby recognized on the proceeds of the sale made to *Lester* and *Tennent,* and

MICHEL
*v.*
DELAPORTE.

the administrator is ordered to pay this judgment by preference, out of said proceeds in due course of law."

Appellant asks to have the judgment so amended as to recognize and enforce his mortgage on the land itself and to order the same to be seized and sold to satisfy the judgment. He claims this amendment on the ground that there was the clause *de non alienando* in the sale from him to *Ross*, whose estate is administered by the defendant.

It appears that after the death of *Ross*, the property bought by him of plaintiff and which he promised not to alienate or incumber to the prejudice of plaintiff's mortgage, was sold at public auction by the Sheriff at a succession sale of *Ross'* property, and the sale was recorded in the book of conveyances.

It is well settled that a sale of succession property regularly made under a judgment of the probate court discharges the mortgages on it given by the deceased. The purchaser takes the property free from incumbrances, and the creditor must inforce his privilege or mortgage on the proceeds in the hands of the curator or executor. *Leverich* v. *Prieur*, 8 R. p. 97 ; *Zacherie* v. *Prieur*, 9 L. 200.

The existence of the clause *de non alienando* in the act of sale does not change this rule. The purchaser promises that *he* will not alienate the property to the prejudice of the mortgage retained by the vendor. When, then, the property is sold at a succession sale by order of a competent court, it is not the vendee or mortgagor who alienates it, but the decree, sale and recording of the sale. Stat. 15th March, 1830, p. 64, § 1.

The parties are supposed to contract subject to the laws of the land.

The laws provide that, after the death of a person, his personal and real estate may be sold for the purpose of settling up his succession.

If property bought by the decedent and subject to the pact *de non alienando* could not be sold, the liquidation of the estate might be deferred at the will of the mortgagee.

There is no exception in the law which prohibits property bought subject to this pact from being sold after the death of the vendee, like property not subject to the same.

It is true that the vendee or mortgagor promises not to alienate, but this promise only has its full effect during his life, for upon his death his absolute control over his property ceases, and it becomes subject to the laws for the settlement of estates, to the claims of creditors and to the residuary interests of heirs and legatees.

Prior to the sale of the property, plaintiff could have proceeded under Article 990 of the Code of Practice. He did not attempt to stop the sale by the administrator if he had any legal reason for so doing, and we can perceive no cause for interfering with the same.

Judgment affirmed, with costs.