STATE
v.
WALTERS

---

## SUCCESSION OF JOHN RICE.

15 649
51 1149

Before the passage of the Act of the Legislature approved April 30th, 1853, there was no term of prescription in the law applicable to domestic judgments.

Domestic judgments rendered anterior to the passage of the Act of the Legislature of 1853, cannot be barred, under that statute, before the lapse of ten years from its promulgation.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Janin & Griffin*, for opponent. *T. Gilmore* and *Hyams & Jonas*, for appellant.

DUFFEL, J. The Bank of Orleans obtained, against *John Rice*, in the Commercial Court of New Orleans, judgment on the 11th December, 1840, for $2,802, with five per cent. interest from the 13th of May, 1840, four dollars costs of protest, and the costs of suit.

A writ of *fi. fa.* issued on the 28th of December, 1840, and an *alias* on the 14th of November, 1842 ; the return on each was "no property found after legal demand from the parties."

The above judgment was based on a protested note of *James M. G. Cuddy*, endorsed by *Dr. John Rice*, the payee, for $2,802, and the note was withdrawn, as also the protest, on the 3d September, 1847, by *C. A. Morin*, commissioner. *A. Morin, W. C. C. Claiborne* and *M. Caruthers*, commissioners of the Bank of Orleans, presented a petition to the Parish Court of New Orleans, stating "that they have some outstanding claims which they are desirous of selling from time to time, as they may deem most advantageous, and they pray your Honor that they may be authorized to do so."

The following order was made on this petition : " Let the commissioners be authorized to sell the outstanding claims, as within prayed for.—New Orleans, April 15th, 1846.—(Signed) CHARLES MAURIAN, Judge."

It appears that under this order, *Christy & Cenas*, auctioneers, formed lots of said outstanding claims, and sold the same on the 9th of May, 1846. Lot No. 3 amounted to $8,929 93, and included " a note of *J. M. G. Cuddy*, endorsed *J. Rice*, protested in 1840, for $2,802."—" Sold to *A. A. Baudouin*, agent, for $35." On the 25th of May, 1846, *W. C. C. Claiborne* and *C. A. Morin*, commissioners, did, by virtue of the above adjudication, and for value received, transfer to *A. A. Baudouin*, agent, the above judgment, with subrogation " to all the right, title and interest which the said commissioners had in the above judgment, No. 3040, at the time of the adjudication, and nothing more."

*Dr. John Rice* died in New Orleans on the 26th of November, 1856, and his succession has been under administration since the 15th of December, 1856. His real estate was appraised, in 1856, at $35,866. And according to the final account of the curator, filed 23d May, 1859, he has on hand $26,422 86.

82

It is admitted, that the real estate described in the inventory was in the possession of *John Rice* in 1836, and remained so up to his death, and that his titles to the same were of record in the Office of Conveyances of this city. It also appears, that the books of the bank were burnt in July, 1857, by an order of the Third District Court; and it is not in evidence that *John Rice* was ever notified of the above transfer, or that any attempt was made to execute the judgment since 1842, excepting the opposition now filed to the curator's account by *Céleste Lucie Morin*, wife of *A. A. Baudouin*, separated in property from her husband, demanding to be classed as a mortgage creditor of *John Rice* for the amount of the above judgment.

The curator and heirs of *John Rice* oppose the prescription of ten years to the right of action, and the prescription of 10, 20 and 30 years. to the judgment itself.

The claim was admitted by the District Judge.

Apart from the presumption of the extinguishment of the judgment before its adjudication to *A. A. Baudouin*, which may reasonably be inferred from the ability of *Rice* to pay the same, and the insignificancy of the price of adjudication; this being a personal action, under the decision in the case of *Kemp* v. *The Heirs of Diana Cornelius*, 14 An. 301, is prescribed by the lapse of ten years.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the opposition of *Mrs. A. A. Baudouin* be rejected, with costs in both courts.

MERRICK, C. J., concurring. I think the facts of this case authorize the conclusion, that the debt has been paid. I prefer to rest my concurrence in the decree on this ground, as I am not satisfied that prescription has been acquired.

---

### SAME .CASE—ON A RE-HEARING.

DUFFEL, J. A re-hearing was granted in this case, from a conviction that the prescription of ten years, consecrated in the suit of *Kemp* v. *Heirs of Cornelius*, 14 An. 301, was erroneously applied in this cause, inasmuch as the same was not acquired at the inception of this action, May 31st, 1859, *John Rice* having only died November 26th, 1856.

The statute of limitation approved April 30th, 1853, (see Revised Statutes, p. 82, sec. 32,) provides that, "hereafter all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments."

The appellants, assuming that before the passage of this statute, judgments were prescribed by thirty years, contend that the judgment against *John Rice*, which was rendered December 11th, 1840, is barred, by computing the time which preceded that change, according to the time then required, and adding it to the time which has elapsed since, according to the principle recognized by this court in the case of *Goddard's Heirs* v. *Urquhart*, 6 La. 659.

We must bear in mind, that the Code does not provide specially for the prescription of judgments, and that our jurisprudence has studiously refrained from recognizing the application of *even* the longest prescription to domestic judgments. *Louisiana State Bank* v. *Barrow et al.*, 2 An. 405; *Deal & Co.* v. *Patterson*, 12 An. 728, and the cases therein cited.

With these facts before us, we are satisfied that the Legislature did not intend that judgments should, in any case, be barred, under the statute, before the lapse of ten years from its promulgation.

As to the merits, we think that justice demands that the case be remanded for further evidence, and more particularly, to afford to the plaintiff the opportunity of showing, as her counsel asserts in the application for a re-hearing, that the claims of *Herman* (*Wm. Debuys*), of *Montgomery*, and of *Fisk*, which are all included in the tableau herein opposed, are evidenced by judgments of old standing.

It is, therefore, adjudged and decreed, that the judgment heretofore rendered by us be set aside, as also the judgment of the District Court, and that the cause be remanded for a new trial, and proceedings according to law ; the appellee to pay the costs of the appeal.