No. 6814.—F. M. FISK, Administrator and Appellant, v. A. BERGEROT, et al., Appellees.

Where the law is changed after prescription begins to run, the time elapsed before the change is to be computed according to the old law, and that which follows according to the new.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *T. A. Bartlette*, for appellant. *Wm. H. Hunt* and *Denegre*, for appellee.

HOWE, J. In April, 1854, a female slave, alleged to have been owned by W. H. Fisk, now deceased, escaped from a negro traders' yard in New Orleans, and concealed herself in the city until December, 1854; when, disguised in male attire, she sailed from this port to Havre on a ship owned by defendants.

On the sixth of March, 1858, this action was instituted by the plaintiff, administrator, to recover the value of the fugitive with damages.

The claim of the plaintiff was dismissed by the judge *a quo*, on the ground that it had been barred by the prescription of one year.

We see no error in this judgment.

The plaintiff insists that the action is instituted under the act of March 25, 1835, which provides a prescription of five years. But this act was repealed by the act of March 15, 1855, and the case remitted to the general rule of the Civil Code which the latter law expressly left in force. Three years and five months elapsed from the time the fugitive took passage until the suit was brought; and following the rule settled by this court, that where, as in this case, the law is changed after prescription begins, the time elapsed before the change is to be computed according to the old law, and that which follows according to the new, the claim is barred. 6 La. 660; 11 L. 57; 10 A. 583.

The rule *contra non valentem*, etc., if it exists at all under the Code of Louisiana, is not applicable to this case. By article 3502 of the Civil Code the prescription began to run December 7, 1854, and the record does not disclose any allegation or fact sufficient to take the case out of the rule laid down in this article.

The judgment is therefore affirmed with costs.

Rehearing refused.

Mr. Justice Howell recused.