### No. 331.—Eliza W. Wooley *v.* E. K. Russ et al.

The sale by authority of the probate court of real estate extinguishes the mortgages upon it prior to the sale and transfers them to the proceeds, and a purchaser has the legal right to restrain by injunction the further pursuit of the lands by the mortgage creditors. A sale of this kind can only be attacked by direct action.

APPEAL from the Tenth Judicial District Court, parish of Bossier. *Watkins*, J.. *Robert J. Looney*, for plaintiff and appellant. *J. D. Watkins*, for defendants and appellees.

Taliaferro, J. This case was before us at the last term at this place, and was then remanded for a new trial. See 23 An., p. 580.

Carroll, Hoy & Co., creditors of Samuel Harrison, deceased, who was the husband of the plaintiff, proceeded *via executiva* to seize certain lands specially mortgaged to them by Harrison shortly before his death in 1865, to secure the payment of his debt to them, amounting to near nine thousand dollars, for which he gave his note payable three years after date, with interest. This seizure was enjoined by Mrs. Wooley, the plaintiff, on several grounds, among them that the succession of Samuel Harrison had been administered and finally settled; that the land belonging to it had been sold at probate sale, and that she had become the owner of it; that the mortgage of Carroll, Hoy & Co. had been extinguished by the sale, and that there were no proceeds to be applied to their debt, the funds having been exhausted by prior privileges and mortgages.

To this injunction suit the seizing creditors were not made parties, and had no notice of the proceeding. The injunction was perpetuated and on appeal the case, as already stated, was remanded. Thereupon Carroll, Hoy & Co. filed an answer and changed the form of their action to that of *via ordinaria*, and assuming the position of plaintiffs in reconvention prayed judgment against Mrs. Wooley for one-half the debt and against the two minor heirs of Harrison for the other half, with right of mortgage. The answer sets up by numerous allegations the illegal management of the succession by the plaintiff, the withholding by her from the estate of a large sum of money—the proceeds of one hundred and twenty-six bales of cotton; the appropriation to her own use the revenues of a ferry amounting to one thousand or fifteen hundred dollars per annum for the years 1865 and 1866, without accounting to the estate for the same; that she used the lands of the community for years without accounting for the rent. They charge that the plaintiff in injunction never legally administered the estate, and that she accepted the community and is bound for its debts.

Upon the offer of the defendants to introduce evidence to show that plaintiff had concealed and failed to account for money and property belonging to the succession, the plaintiff objected on the ground:

*First*—That such facts, if proved, would be no justification to the defendants in seizing property to which they had no mortgage or claim.

*Second*—Plaintiff having shown her title to the property in dispute her final account and discharge as administratrix of the same can not be attacked collaterally.

*Third*—That all the orders of sale and judgments rendered in regard to the proceedings during the administration of the estate were rendered by a probate court having jurisdiction, and that they can not be attacked in the district court except for causes of absolute nullity, and none are alleged.

The testimony was admitted and the plaintiff reserved a bill of exceptions. To this the judge *a quo* appended his reasons.

That the objection seemed to apply rather to the sufficiency of the proof—proof which might be considered cumulative.

The evidence was upon trial considered, but in no way affected the judgment rendered. It was based solely on the plaintiff's acceptance by purchasing property of the succession at a probate sale, she being forbidden to make such purchase when administratrix, except she be partner in community.

There was judgment rendered in favor of Carroll, Hoy & Co. dissolving the injunction and decreeing that Mrs. E. Wooley pay them one-half the amount claimed by them, with recognition of mortgage on certain lands specified in the judgment, and rendered judgment of non-suit against the defendants on their demand against the minors. From this judgment the plaintiff in injunction has appealed.

The judgment is clearly erroneous. The plaintiff being surviving partner in community had the right to purchase at the sale of the succession. Revised Statutes, section 12; 21 An. 38.

We think the objections should have been overruled. The proceedings in the settlement of the estate seem to have been regularly conducted. A tableau and classification of debts was filed in November, 1866, and homologated in February following by order of the proper court. Upon this tableau Carroll, Hoy & Co. were placed as mortgage creditors for eight thousand five hundred and ninety-one dollars, with interest, from November, 1865. By the tableau other creditors by privilege and mortgage, having superior rank, were put down, and whose claims, it appears, absorbed the funds realized by sale of the property. In March, 1869, the plaintiff filed her final account, which was duly published and homologated, and as administratrix was finally discharged. No opposition seems to have been made by Carroll, Hoy & Co. either to the rank and classification of the debts or to the final account. These proceedings can not, in the form of action adopted by the defendants in injunction, be attacked.

They charge bad faith in the administratrix, but we do not see that

they have been successful in establishing it. The large sum of money received by her husband in Shreveport for a lot of cotton shortly before his death is not shown to have made a part of his succession, and that it came into the hands of the plaintiff as administratrix. We think the defendants have shown nothing entitling them to relief.

It is therefore ordered that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the injunction be perpetuated, and that the defendants' claim in reconvention be rejected; that there be judgment in favor of the plaintiff, the defendants paying costs in both courts.