BRUNOT, J.
 

 This is an appeal from a judgment, on a rule, ordering the cancellation and erasure from the public records of Calcasieu parish, of a vendor’s lien and mortgage, upon the property described in the rule, in so far as it affects that property.
 

 D. W. Jessen died intestate, in the parish of Calcasieu, leaving an estate consisting of a lot of ground with improvements thereon, in the city of Lake Charles, and some personal property. There was a mortgage and vendor’s lien upon the real estate in favor of the Calcasieu Building & Loan Association. The succession was opened; the widow of the deceased was appointed and qualified as the administratrix; the succession was insolvent, and, under an order of the court, all of the property of the succession was sold to pay debts.
 

 The improved lot was separately appraised and sold and was purchased by David L. Windham for a cash consideration in excess of two-thirds of its appraised value.
 

 The regularity of the succession proceedings is admitted and there are no disputed facts in the ease. The only question presented is one of law, viz., whether or not a vendor’s lien and mortgage, in favor of a building and loan association, upon property belonging to a succession, is cancelled by a succession sale of the property to pay debts.
 

 For more than a century preceding the passage of Act 126 of 1926, which act the appellant relies upon, this court consistently held that, where there is no proceeding via executiva and the regularity and legality of the succession proceeding® are not questioned, and property of the succession, which is burdened with a mortgage, is sold to. pay debts, the sale ipso jure cancels the mortgage and refers the mortgagee to the proceeds of the sale. Lafon’s Ex’rs v. Phillips, 2 Mart. (N. S.) 225; De Ende v. Moore, 2 Mart. (N. S.) 336; Joyce v. Poydras de la Lande, 6 La. 277; Zacharie’s Adm’r v. Prieur, 9 La. 197; Hoey v. Cunningham, 14 La. 86; French v. Prieur, 6 Rob. 299; Leverich v. Dennis Prieur, 8 Rob. 97; Aicard v. Daly, 7 La. Ann. 612; Lewis v. Labauve, 13 La. Ann. 382; Michel v. Delaporte, 14 La. Ann. 91; Wooley v. Russ, 24 La. Ann. 482; Succession of Condon, 28 La. Ann. 755; Childs v. Lockett, 107 La. 270, 31 So. 751; Weydert v. Anderson, 157 La. 577, 102 So. 676.
 

 Appellant chiefly relies upon Act 126 of 1926, but he also contends that, because the administratrix read a certificate of mortgages at the succession sale, that fact differentiates this case from the cases cited supra, and brings it within the ruling in Bradford v. Dortch et al., 13 La. 79. In the Bradfotd-Dortch Case the court found that it was expressly declared at the sale that the land was sold subject to a lien in favor of thef vendor. The pur-chaser tendered, in cash, the difference between the amount of his bid and the outstanding mortgage and demanded hi® deed. The court there said:
 

 “It appears to us, that inasmuch 'as the land was sold, subject to the lien of James Bradford, the vendor, all that could be required of the plaintiff was, that he should pay the overplus in moneyi which it is not disputed he offered to do. He could not be also required to pay in cash, the amount of the lien, for that would have been to contradict the very terms of the sale; and he would have still held the land liable to the vendor’s claim, so that he might have been compelled to pay the same sum twice. This, we think, is the only effective and reasonable in
 
 *72
 
 terpretation that can be given to the conditions of the sale, as disclosed in the proces verbal.”
 

 In the case before us the facts are different. Here the sale was made without conditions, and for cash to pay debts, and the proces verbal shows that the sum of the purchaser's bid was paid in cash. No court has held, so far as we know, that a mere reading of a certificate of mortgages at a sale of succession property for cash, to pay debts, passes title to the purchaser subject to the mortgages.
 

 Appellant contends that, since the passage of Act 126 of 1926, a vendor’s lien and mortgage in favor of a building and loan association is not affected by a succession sale of the property to pay debts. The provision of the act relied upon is as follows:-
 

 “Such vendor’s privilege and mortgage, shall have priority over all other liens, charges, privileges, incumbrances, and mortgages upon the property and the building and improvements thereon, which shall be recorded or claimed subsequent to the recording of such vendor’s privilege and mortgage, or which may arise in any manner whatsoever subsequent bo the date of recordation."
 

 Appellant concedes that ordinarily a succession sale raises all mortgages and privileges affecting the property sold, but contends that, since the passage of Act 126 of 1926, a building and loan association’s vendor’s lien is an exception to the rule, for the reason that it is a special lien, created by a special statute, in favor of a special class of corporations.
 

 We had occasion to consider the quoted provision of Act 126 of 1926 in Succession of Sussman, 168 La. 349, 122 So. 62, 63. In that case the court said:
 

 “The appellant has a vendor’s lien upon the real estate, and contends that its lien primes all law and administration charges. Appellant did not assert its rights via executiva, as it could have done, but it intervened in the probate proceedings and joined the executor in his application for the sale of the property to pay the debts of the succession.”
 

 In this case appellant did not intervene and join the administratrix in her application f-or the sale of the property to pay debts, as was done by the mortgagee in the Succession of Sussman, but appellant admits that it had knowledge of the sale and that it did not assert its rights via executiva. It therefore tacitly, and we think effectually, waived such benefits as it might have had under the provision -of Act 126 of 1926, quoted supra. It passively permitted the mortgaged property to be sold in the succession proceedings, and its claim, as a privileged creditor, must now be asserted against the proceeds of the sale of the property, less its proportion of the lawful expense -of the administration. To hold otherwise would condemn the purchaser to pay twice for the same px*operty.
 

 For the reasons stated, we conclude that the judgment is correct, and it is therefore affirmed at appellant’s cost.