**Succession of ERWIN et al. (PONCHATOULA HOMESTEAD ASS'N, Intervener).**

No. 1038.

Court of Appeal of Louisiana. First Circuit.

June 30, 1932.

Burns & Pierson, of Ponchatoula, for appellant.

Ellis & Ellis, of Amite, for appellees.

MOUTON, J.

The Amite Bank & Trust Company was appointed administrator of the succession of Wm. E. Erwin and Mary Cockern Erwin, his deceased wife.

A petition was filed by the administrator asking for the sale of all the property of the estate movable and immovable, for cash, to pay debts. In that petition the administrator alleged that the Ponchatoula Homestead Association had a mortgage on the real estate of the succession.

The sale was ordered as prayed for, and the sheriff, to whom it was issued, proceeded to sell the property on September 5, 1931. On the day of sale the Ponchatoula Homestead Association filed a petition of intervention asking for a separate sale of the real estate covered by its mortgage, for the recognition of its vendor's lien, and the payment of its claim by the sheriff by preference out of the proceeds.

Intervener, the Homestead Association, alleged that W. E. Erwin, deceased, had subscribed a promissory note in its favor bearing 7 per cent. per annum interest, and which was secured by vendor's lien on the real estate which was to be sold; that a balance of $1,292.50 was due on the note; also 10 per cent. as attorney's fees. In his answer to the intervention, the administrator admits the amount claimed, except the 10 per cent. for the attorney's fees.

The lower court rendered judgment denying the claim for attorney's fees, stating that the principal and interest had been paid.

July 13, 1931, the attorneys of the Ponchatoula Homestead Association, Messrs. Burns & Pierson, wrote a letter to Messrs. Ellis, Ellis & Ellis, attorneys of the Erwin succession, stating that Mr. Erwin had a loan with that association originally for $1,600, and which had been delinquent since March 16, 1931.

July 15, 1931, Messrs. Ellis, Ellis & Ellis wrote to Messrs. Burns & Pierson, attorneys for the association, that they were handling the succession of W. E. Erwin, and expected to get an order of court permitting the bank to pay the Homestead Association the installment then due. There appears no reply in the record by the attorneys of the association to the firm of Ellis, Ellis & Ellis.

The record is barren of any proof showing that any demand was made by the Ponchatoula Homestead Association concerning its claim at any time prior to the filing of this intervention asking for the separate sale of the real estate of the succession upon which rested the mortgage of the association.

The note alleged to have been subscribed by Erwin, and the act of mortgage, referred to in the intervention, are not in the record. We cannot therefore say what was the stipulation either in the note or mortgage in reference to the attorney's fees and as to which there is no allegation by intervener and no admission. The parties to the contract were at liberty to enter into such agreement on this subject, as they might have seen fit.

In the Succession of Foster, 51 La. Ann. 1671, 26 So. 568, the court said that the stipulation for the payment of such fees was in the nature of a penalty, and that the party seeking to recover it should establish clearly and affirmatively the existence of the conditions required for its enforcement.

In the Succession of Howell, 121 La. 955, 46 So. 933, the court said that there appeared to have been no clash between the opponent

who was claiming the attorney's fees and the administrator which made the employment of an attorney and the institution of a suit necessary and the attorney's fees were denied. In that case the claim of the opponent, as it is here, was grounded on a mortgage against the deceased.

In the Succession of Burke, 107 La. 82, 31 So. 391, in which attorney's. fees were refused, the court said the note was never sued upon, nor payment thereof demanded through an attorney. Here an intervention was filed, but at the last moment, when the property of the succession was about being sold, and without any demand having been urged for the payment of the note prior thereto.

The defense is that the filing of the intervention for the collection of the principal and interest due on the note was altogether unnecessary, and for that reason the succession should not be charged with the attorney's fees. There is nothing to indicate that the administrator, at any time, showed any disposition not to pay the debt out of the proceeds of sale of the property of the succession, and there is no proof in the record showing that the amount expected to be realized would be insufficient to discharge the mortgage, with interest, due the Homestead Association.

No testimony was taken in the case, and the evidence is meager, but, from what appears, it is logical to conclude.that the note, with the accumulated interest, would have been promptly paid by the administrator from the proceeds of sale, without the necessity of a demand, and much less of an intervention.

We find that intervener has failed to show its contract for the alleged attorney's fees, and to prove that the filing of the intervention was necessary for the collection thereof from the succession. Counsel for the Homestead Association contend that, if they had not intervened, the lien claimed by the association would have had to be asserted against the proceeds of sale of the property.

In denying the attorney's fees, the lower court said in its judgment that the principal and interest of the association had been heretofore paid. Conceding that the privilege would have been transferred to the proceeds under the ruling in De Ende v. Moore, 2 Mart. (N. S.) 336; Succession of Jessen v. Calcasieu Bldg. & Loan Ass'n, 172 La. 67, 133 So. 365, cited by counsel, we find that there was no necessity demanding the filing of this intervention to collect the claim, which would have been paid if no intervention had ever been filed.

The district judge properly denied the attorney's fees.

Judgment affirmed.