173 So. 139

**STATE ex rel. HILLS, INC., v. RECORDER OF MORTGAGES et al.**

**No. 34137.**

Feb. 1, 1937.

Rehearing Denied March 1, 1937.

F. Rivers Richardson, of New Orleans, for appellant.

Fred Zengel, Jr., of New Orleans, for appellee Suburban Building & Loan Ass'n.

Benjamin Y. Wolf, of New Orleans, for appellee Recorder of Mortgages.

FOURNET, Justice.

Relator proceeded by mandamus to compel the Recorder of Mortgages for the Parish of Orleans to cancel and erase the inscriptions of certain mortgages and vendor's liens affecting the property purchased by relator and recorded against Henry J. Pettengill, now deceased, in favor of the Suburban Building & Loan Association, on the grounds: (1) That the inscriptions are perempted under the provisions of section 50 of Act No. 140 of 1932; and (2) that the Suburban Building & Loan Association having failed to oppose the administrator's account and having permitted the widow and heirs of Henry J. Pettengill to be placed in possession of his property, the judgment sending them into possession is res adjudicata against the association, which is now estopped from asserting its claim against the property.

The Recorder of Mortgages for the Parish of Orleans filed an exception of no cause of action. The Suburban Building & Loan Association filed exceptions of no right or cause of action on the following grounds:

(1) That Act No. 140 of 1932, which became effective on July 27, 1932, is not retrospective.

(2) That, if section 50 of Act No. 140 of 1932 is held to be retrospective, it is unconstitutional, null, and void, because: (a) It deprives respondent of its property without due process of law and is violative of the Fourteenth Amendment of the Constitution of the United States and of section 2 of article 1 of the Constitution of Louisiana; and (b) it impairs respondent's rights under the contracts of sale and mortgages and is therefore violative of section 10 of article 1 of the Constitution of the United States and of

section 15 of article 4 of the Constitution of Louisiana.

(3) That plaintiff's petition contains no facts and legal reasons upon which the pleas of estoppel and res adjudicata can be maintained.

After a hearing on the exceptions, the case was submitted. But previous to a decision thereon, relator filed a supplemental and amended petition, pleading as an additional ground for the cancellation of the inscriptions of the five mortgages and vendor's liens that they had preempted under the provisions of article 3369 of the Revised Civil Code.

The trial judge rendered judgment, denying relator's pleas of estoppel and res adjudicata, and maintained the exceptions of no cause or right of action as to both respondents, and dismissed the relator's suit. Relator has appealed.

The record shows that Henry J. Pettengill, deceased, executed five mortgages and vendor's liens in favor of the Suburban Building & Loan Association, to wit: For the sum of $2,600, dated June 12, 1912; for the sum of $1,500, dated May 14, 1913; for the sum of $1,000, dated December 10, 1913; for the sum of $1,400, dated December 29, 1913; and for the sum of $1,400, dated May 12, 1915. That he died in the City of New Orleans on April 11, 1918; that his succession was duly opened and his estate was admitted to administration; that all debts due by the deceased, except the above-described mortgages and vendor's liens, were listed and paid, and after due advertisement, the account of the administrator was homologated, the administrator was discharged, and the widow and children of the deceased were sent into possession of his estate, including the property in controversy; that one of the heirs of the deceased, on September 15, 1936, by act executed by Gabriel Fernandez, Jr., notary public, conveyed her one-twelfth interest in the property to relator, for and in consideration of $1,000, represented by ten shares of the capital stock of Hills, Incorporated; and that in the act it was specifically agreed that the purchaser acquired the property "subject to but without assuming, all inscriptions bearing against same." The next day, September 16, 1936, this suit was filed.

At the time of the execution of the five mortgages and vendor's liens, herein sought to be canceled, the law governing building and loan associations was Act No. 120 of 1902, as amended by Act No. 292 of 1910. This act contained no provisions with reference to peremption of such mortgages and vendor's liens, and consequently the general law, as found in article 3369 of the Civil Code, governed.

The Legislature, by Act No. 280 of 1916, repealed Act No. 292 of 1910, and provided therein that mortgages and vendor's liens when recorded should remain in full force and effect until the obligation had been paid and extinguished "without being reinscribed if the period of partial payments should extend beyond ten years from date of original inscription." Section 9, p. 570.

By simple calculation, it may be readily seen that at the time of the adoption of

Act No. 280 of 1916, the acts of mortgages were then in full force and effect, and under the terms of the acts of mortgages in question, the period of partial payments thereunder extended beyond ten years from the date of the original inscription.

 Counsel for appellant contends that we cannot consider the original acts of mortgages because they do not form any part of relator's petition except by reference and were introduced in evidence on the trial of the exception of no cause of action by the respondents over his objection.

In the case of Soniat et al. v. White et al., 153 La. 424, 96 So. 19, the defendant, having pleaded that plaintiff's petition for a preliminary injunction disclosed no cause or right of action on the ground that the ordinance levying the tax sought to be enjoined had not been adopted by a yea and nay vote, objected to the introduction of a copy of the minutes of the meeting of the board of aldermen showing that the ordinance had been adopted by a yea and nay vote for the reason that the matter should have been tried on the face of the pleadings for the purpose of deciding the exception of no cause or right of action, and this court held:

"Relators complain that, on trial of the rule nisi, the district judge allowed the defendants to introduce a copy of the minutes of the meeting of the board of aldermen, showing that the ordinance levying the tax was adopted by a 'yea and nay vote.' It is contended that the rule nisi should have been tried and decided on the face of the pleadings, and that, for the purpose of deciding the exception of no cause of action, the allegations of the petition should have been assumed to be true. The doctrine invoked, as an abstract proposition, is quite correct; but the defendants in this case took the position that, under their denial that the plaintiffs had any right of action for a preliminary injunction, the minutes of the meeting, referred to in the petition for injunction, were admissible in evidence. The judge would have been extremely technical if he had ruled otherwise, especially in a proceeding to prevent the collection of taxes. We approve the ruling; and, even if we should deem it technically incorrect, we would not regard it as being so very wrong as to warrant the exercise of our supervisory jurisdiction in the matter."

Relator cannot complain of the introduction in evidence of the acts of mortgages and vendor's liens, the inscription of which it is seeking to have canceled and erased from the records of the Recorder of Mortgages, for the reason that it was incumbent upon relator to affirmatively show in its pleadings that the acts had perempted, and in order to do so, it was necessary to show that the obligations had not been reinscribed and that the period of partial payments had not extended beyond ten years from the date of the original inscription.

The Legislature of the State of Louisiana, in the year 1932, by Act No. 140, enacted new legislation affecting building and loan associations, which became ef-

fective at noon on July 27, 1932, and section 81 thereof entirely repealed Act No. 120 of 1902, Act No. 292 of 1910, and Act No. 280 of 1916. In section 50 of the Act of 1932, it is provided that mortgages or vendor's liens when recorded "shall remain in full force and effect, without the necessity of being reinscribed in the mortgage records, for a period of twenty years from the date of inscription."

The trial judge held that Act No. 140 of 1932 was not retroactive and, in his reasons for judgment, stated that "a statute providing a time for re-inscription where none existed before must be construed so that the re-inscription period begins to run only from the passage of the act," citing Sohn v. Waterson, 17 Wall. 596, 21 L.Ed. 737.

Counsel for relator contends that the act is remedial legislation and therefore retroactive, citing in support thereof the following from the decision by this court in the Succession of Nelson, 24 La.Ann. 25:

"But it is contended that if the tacit mortgage of the surviving widow is lost by reason of article 123 of the Constitution of 1868 and act No. 95 of the acts of 1869, the obligation of a contract has been violated by the State, in contravention of section ten of article one of the Constitution of the United States. To this proposition we can not assent. The obligation of the husband to restore the paraphernal funds he has received from his wife, based upon a quasi contract, is in no manner impaired by article 123 of the Con-stitution and act No. 95 of the acts of 1869. The law requiring the registry of the tacit mortgages accorded by the civil law, appertains to the remedy.

"'Although there is a distinction,' says Justice Story, 'between the obligation of a contract and a remedy upon it, yet if there are certain remedies existing at the time when it is made, all of which are afterwards wholly extinguished by new laws, so that there remain no means of enforcing its obligation, and no redress, such an abolition of all remedies, operating in presenti, is also an impairing of the obligation of such contract. But every change and modification of the remedy does not involve such a consequence. No one will doubt that the Legislature may vary the nature and extent of remedies, so always that some substantive remedy be in fact left. Nor can it be doubted that the Legislature may prescribe the times and modes in which remedies may be pursued, and bar suits not brought within such periods and not pursued in such modes. Statutes of limitation are of this nature, and have never been supposed to destroy the obligation of contracts, but to prescribe the times within which that obligation may be enforced by a suit, and in default to deem it either satisfied or abandoned. The obligation to perform a contract is coeval with the undertaking to perform it. It originates with the contract itself, and operates anterior to the time of performance. The remedy acts upon the broken contract, and enforces a pre-existing obligation.' Story on Constitution, 236, section 1385.

"The law requiring the registration of tacit mortgages within the time limited, is but a modification of the remedy, and does not impair the obligations of contracts. The State had the right to require all existing mortgages and privileges to be recorded, and to fix the period in which the registry shall be made. In doing this the law in no manner assails the inviolability of contracts protected by the Constitution of the United States."

In that case, Act No. 95 of 1869 made provisions for the protection of those whose rights were affected, and the court properly ruled that the intention of the Legislature was clear that the act was retroactive, which did not render it unconstitutional, because it did not destroy the remedy but simply modified it and, at the same time, by the saving clause, gave those affected thereby ample opportunity to protect their rights. Therefore, the case is not authority for that which relator is contending here, but rather supports the contrary view because, by Act No. 140, the Legislature made no provisions for the rights of those who would be affected by the act, nor is it shown that the Legislature intended that the act should have a retroactive effect.

■ It is said in 17 Ruling Case Law, § 11, at page 672, that: "Not only may the legislature as a general rule establish a new limitation where none existed before, and make it apply to a cause of action against which there was no such statute in existence when it was created, but it may also change an existing statute, and shorten the periods of limitation, *provided a reasonable time is allowed for actions to be brought.* (Italics ours.)

In the case of the Succession of John Rice, 15 La.Ann. 649, this court said that there was no provision for the prescription of judgments prior to the adoption of the statute of limitations, which was April 30, 1853, and held "that the Legislature did not intend that judgments should, in any case, be barred, under the statute, before the lapse of ten years from its promulgation." See Goddard's Heirs v. Urquhart, 6 La. 659, 674; Xanpi v. Orso, 11 La. 57, 60; Mayor, etc., of New Orleans v. Ripley, 11 La. 144, 148; Kellar v. Parish, 11 La.Ann. 111; Succession of Rice, supra; Fisk v. Bergerot, 21 La. Ann. 111; New Orleans v. Rhenish Westphalian Lloyds et al., 31 La.Ann. 781; Cassard v. Tracy, 52 La.Ann. 835, 27 So. 368, 49 L.R.A. 272; State ex rel. Knollman v. King, 109 La. 799, 33 So. 776; Bostwick v. Thomson, 149 La. 152, 88 So. 775.

We therefore conclude that the trial judge's ruling that Act No. 140 of 1932 was not retroactive is correct.

This brings up for consideration relator's pleas of estoppel and res adjudicata.

■ A mortgage is a real right on the property upon which it bears and follows the property into whatever hands it may pass. Article 3282, Rev.Civ.Code. One of the rights of a mortgagee is that, "if the mortgaged thing goes out of the debtor's hands, the creditor may follow it in whatever hands it may have passed, in

so much that the third possessor of it is obliged, either to pay the debt for which the thing is mortgaged or to relinquish it to be sold, that the creditor may be paid out of the proceeds thereof." Article 3397, par. 2, Rev.Civ.Code. See, also, article 3399, Rev.Civ.Code.

It was held in the case of Felix Michel v. A. J. Delaporte, 14 La.Ann. 91, that: "It is well settled that a sale of succession property regularly made under a judgment of the probate court discharges the mortgages on it given by the deceased. The purchaser takes the property free from incumbrances, and the creditor must inforce his privilege or mortgage on the proceeds in the hands of the curator or executor. Leverich v. Prieur, 8 Rob. 97; Zacharie's Adm'r v. Prieur, 9 La. [197] 200." See, also, Vincent Aicard v. Andrew Daly, 7 La.Ann. 612.

But in the case at bar, although the estate of the deceased was under administration, the property in controversy was never sold. The debts of the succession, other than those secured by the mortgages and vendor's liens, were paid, and the widow and heirs were sent into possession of the property. The widow and heirs, therefore, acquired no better rights than the de cujus had at the time of his death.

We therefore conclude that the relator's pleas of estoppel and res adjudicata were without merit.

For the reasons assigned, the judgment of the district court is affirmed, at appellant's costs.