Darlene FUST, wife of/and George H. Fust, Sr., Individually and on behalf of his minor son, George H. Fust, Jr., Plaintiffs-Appellants,

v.

ARNAR–STONE LABORATORIES, INC., et al., Defendants,

Herman L. Fontenelle, M.D., et al., Defendants-Appellees.

No. 84–3057.

United States Court of Appeals, Fifth Circuit.

July 23, 1984.

Rehearing Denied Aug. 24, 1984.

Orrill & Avery, R. Ray Orrill, Jr., New Orleans, La., Anthony V. Ligi, Jr., Metairie, La., for plaintiffs-appellants.

Lemle, Kellher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., New Orleans, La., for Fontenelle, et al.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

The appeal in this diversity case from the grant of defendants' motion for summary judgment requires a determination of the time allowed for asserting a medical malpractice claim under Louisiana law.

*Facts*

Darlene Fust received prenatal care from Dr. Herman L. Fontenelle from March 1975 until November 1975 when her son George Fust, Jr. was born. During the pregnancy, Dr. Fontenelle administered several drugs to Mrs. Fust which allegedly caused severe birth defects to her son. Mrs. Fust maintains that it was not until August 1979 that she learned the defects were causally related to the drugs received during pregnancy. In January 1980, Mr. and Mrs. Fust, individually, and on behalf of their minor child, filed suit against five drug manufacturers and Dr. Fontenelle alleging that the drugs had caused George Fust, Jr. to suffer severe choreo-atheroid type cerebral palsy and spastic quadriplegia. The drug manufacturers were voluntarily dismissed, and following the death of Dr. Fontenelle, his malpractice insurer was added as a defendant. The suit was then stayed pending

completion of the medical review panel procedures required by Louisiana law. La. R.S. 40:1299.47. Thereafter the defendants sought summary judgment on the grounds that under La.R.S. 9:5628 the claim was prescribed. The district court found the claim untimely filed.

### Analysis

When does a medical malpractice claim prescribe under Louisiana law? The answer to that question depends on the applicability of La.R.S. 9:5628, effective September 12, 1975, which provides:

A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

Prior to the advent of the time period described in La.R.S. 9:5628, medical malpractice claims prescribed one year from the date of the malpractice or the date when the patient actually knew or should have known that the malpractice had occurred. La.Civ.Code arts. 3536 and 3537; *Higgenbotham v. Ochsner Foundation Hospital*, 607 F.2d 653 (5th Cir.1979). The Civil Code did not contain the three year maximum period; that absolute limitation was added by the 1975 legislation.

In this case, the alleged malpractice occurred continuously between March and November 1975. Mrs. Fust purportedly learned of the possible negligence of the obstetrician in August of 1979, four years later. Suit was filed within five months of the purported discovery of negligence.

If R.S. 9:5628 applies, as held by the district court, the Fust claims are barred by the absolute three-year limitation. If that statute does not apply, and if the allegation of the date of first knowledge is correct, a matter which is not free of challenge, the claims were timely asserted. Since the majority of the period of prenatal care accrued before the effective date of R.S. 9:5628, we must address the issue of its retroactive application.

The leading case on the retroactivity of this statute is *Lott v. Haley*, 370 So.2d 521, 524 (La.1979), in which the Louisiana Supreme Court stated:

According to the general rule, statutes of limitation are accorded retroactive application. However, in the instant case, La.R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions.

This statement has resulted in a split in subsequent opinions by the intermediate appellate courts. In *Zeno v. Lincoln General Hospital*, 376 So.2d 1284 (La.App. 1979), the second circuit cited *Lott* as authority for declining to give the statute retroactive application. The third circuit in *Ramirez v. St. Paul Fire & Marine Insurance Co.*, 433 So.2d 219, 221 (La.App.), *cert. denied*, 441 So.2d 212 (1983), interpreted *Lott* as having "left open the possibility that the statute could be applied retroactively in a case where it afforded a plaintiff a *reasonable* period of time within which to assert a claim."

We view the language of *Lott* as admitting of an interpetation that absent a savings clause establishing the time for the

bringing of a pre-statute claim the statute cannot be considered retroactive. The language also admits of an interpretation that if a reasonable time is allowed the statute could bar pre-statute claims. Ramirez and the court *a qua* opted for the latter. The district court then found that a reasonable period of time had elapsed after adoption of the statute without action by the Fusts. We are similarly persuaded.

The Louisiana Legislature, in the exercise of its plenary power to create, modify and abolish causes of action ex delicto and to set the prescriptive periods for asserting those causes of action, determined that in no event would a malpractice action be cognizable more than three years after the occurrence of the alleged malpractice. Under article one of the Louisiana Civil Code, "Law is a solemn expression of legislative will." The Louisiana Legislature obviously concluded that three years was a reasonable period of limitations for the assertion of a malpractice claim. It is not for the courts to say, in this setting, that three years is unreasonable.

We conclude that a claim which antedated the effective date of R.S. 9:5628 remained viable for three years after the effective date of that statute and thereafter succumbed to the absolute bar impressed by the Louisiana Legislature. Statutes of limitation, being procedural and remedial in nature, are generally accorded retroactive effect, unless they are unconstitutionally cast. And, as the Louisiana Supreme Court observed in *Lott*, 370 So.2d at 524: "a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." *Citing Cooper v. Lykes*, 218 La. 251, 49 So.2d 3 (1950); *State v. Recorder of Mortgages*, 186 La. 661, 173 So. 139 (1937). Interpreting R.S. 9:5628 as allowing three years from its effective date for the assertion of all pre-statute claims, results in the statute passing constitutional muster.

AFFIRMED.